## Columbia Insurance Company *versus* Buckley *et al.*

1. One of the conditions of the policy of a mutual fire insurance company declared that if the amount assessed upon the premium-note given on the policy was not paid within thirty days after demand, then the policy should be void. One assessment was made upon the premium-note of a member insured for five years, on the 10th of May 1873, and another on the 12th of January 1874; due notice of each assessment was given and demand of payment made. Before the court below, it was contended that the non-payment of the first assessment, within thirty days after demand, avoided the policy, and the second assessment could not be lawfully made, which contention the court sustained. *Held* to be error.

2. Although a condition be attached to a policy, declaring it void on a failure to pay an assessment upon a premium-note within a specified time, yet the policy does not thereby become *ipso facto* void. The company may, at its option, declare the policy cancelled, and notify the delinquent, or may waive its right of avoidance. In the former case the premium-note is not liable to assessment for the payment of future losses. In the latter the contract relation is not wholly dissolved, but the protection of the policy is suspended until the default of non-payment is removed.

January 17th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 3, of *Philadelphia county* : Of July Term 1876, No. 123.

Assumpsit, by the Columbia Insurance Company, against John Buckley, James Johnson and Charles Scott, trading as John Buckley & Co., in which the following case was stated for the opinion of the court :—

The plaintiff, a mutual fire insurance company, incorporated by Act of General Assembly, approved February 27th 1860, Pamph. L. 1860, p. 81, insured the property of defendants, on the 9th day of September 1871, for $3000, for five years, receiving in consideration a cash premium and a premium-note, of which the following is a copy :—

"$1350. For value received in policy No. 30,508, issued by the Columbia Insurance Company, we promise to pay said company the sum of thirteen hundred and fifty dollars and — cents, in such portions and at such times as the directors of said company may, agreeably to their act of incorporation, require.

Dated the 9th day of } September 1871. }    Signed, JOHN BUCKLEY & Co."

On the 10th day of May 1873, the directors of the company made an assessment upon the defendants, in due form and according to their act of incorporation, for the sum of $81, payable on or before July 1st 1873; for which amount immediate demand was made, and notice of the assessment given. This assessment has

[Columbia Ins. Co. *v.* Buckley.]

never been paid.    Among the conditions of the policy of insurance was the following : " Whenever an assessment has been made by the directors of this company on the premium-notes of its members, if the amount assessed on the premium-note given on this policy is not paid within thirty days from the time the same is demanded by said company, then this policy shall be void.    But the said company shall have a right to collect the amount due on said assessment."

On the 12th day of January 1874, the directors of the company madé another assessment of $81 on defendants, payable March 1st 1874, and made immediate demand for the same.

If the court be of opinion that the non-payment of the first assessment within thirty days after demand (in view of the above quoted condition of the policy) made the same absolutely void as against the plaintiff, so that the second assessment could not be lawfully made, then judgment to be entered for the plaintiff for the amount of the first assessment only, with interest from the time the same was due.    If the non-payment of the first assessment did not have such effect, then judgment to be entered for the plaintiff for the amount of both assessments, with interest from the time they were respectively due.    Either party to have the right to sue out a writ of error.

The court entered judgment for the plaintiff for the amount of the first assessment only, and the defendants took this writ, assigning this entry for error.

*Sharp & Alleman* (with whom was *J. H. Frueauff*), for plaintiffs in error.—A member of a mutual insurance company cannot discharge himself from liability to pay subsequent assessments by his *omission to pay* a prior one: Huntley *v.* Perry, 38 Barb. 569.

The premium-notes of the members constitute the company's capital, on the faith of which those who afterwards insure make their contracts, and on which those who lose by fire depend for indemnity : New England Mut. Fire Ins. Co. *v.* Belknap, 9 Cush. 145, 146 ; Commonwealth *v.* Insurance Co., 112 Mass. 127.

The condition making the policy void for non-payment of assessments is for the exclusive benefit of the company : Hightower *v.* Thornton, 8 Ga. 487 ; Hyatt *v.* Wait, 37 Barb. 29, 33 ; Huntley *v.* Beecher, 30 Id. 580.

The policy is to be " void" only at the election of the company , or, in other words, it is *voidable* for non-payment of the assessment: Pearsol *v.* Chapin, 8 Wright 9, 13, 14, 16 ; Atlantic Ins. Co. *v.* Goodall, 35 N. H. 328, 332, 335, 336 ; Hyatt *v.* Wait, 37 Barb. 29, *supra ;* Huntley *v.* Beecher, 30 Id. 580, *supra ;* Ins. Co. *v.* Slockbower, 2 Casey 199 ; Hyde *v.* Watts, 12 M. & W. 254, 262, 263.

The note of defendants therefore continued in force for the purpose of enabling the company to make assessments: Huntley *v.* Perry, *supra;* Atlantic Ins. Co. *v.* Goodall, 35 N. H. 328, *supra;* May on Insurance, p. 691.

But conceding the policy and note to have become absolutely void by the non-payment of the first assessment, the second assessment of the company waived the forfeiture, and gave the insured the right to recover for a loss (if any there had been) occurring during the nullity of the policy: Washington Mut. Fire Ins. Co. *v.* Rosenberger, 3 Weekly Notes, pp. 16, 18; Insurance Co. *v.* Slockbower, 2 Casey 199, *supra;* Lycoming County Ins. Co. *v.* Schollenberger, 8 Wright 259.

*Andrew Zane, Jr.,* and *David C. Harrington,* for defendants in error.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1877.

This was a case stated. The plaintiff is a mutual fire insurance company. The insurance was taken for five years from the 9th of September 1871. The claim was for two assessments on the premium-note. One was made on the 10th of May 1873, the other on the 12th of January 1874. Due notice of each assessment had immediately been given, and demand of payment made.

One of the conditions of the policy declared, "whenever an assessment has been made by the directors of this company, on the premium-notes of its members, if the amount assessed on the premium-note given on this policy is not paid within thirty days from the time the same is demanded by said company, then this policy shall be void. But the said company shall have a right to collect the amount due on said assessment." Section second of the act of incorporation provides that, "all persons who shall hereafter insure with the said corporation, and their executors, administrators and assigns, continuing to be insured therein, shall thereby become members thereof during the period they shall remain insured by said corporation and no longer."

The question now presented is whether the non-payment of the first assessment within thirty days after demand made the policy absolutely void as against the plaintiff, so that the second assessment could not be lawfully made on the premium-note.

In a mutual insurance company each person insured becomes a member of the body corporate. He is clothed with the rights and subject to the liabilities of a stockholder. He is both insurer and insured. The premium-notes usually constitute the principal fund or capital of the company. They are also a part of each contract of insurance. Every person who procures an insurance and gives

[Columbia Ins. Co. *v.* Buckley.]

his premium-note acquires a contingent interest in every other such note then held by the company, or which it obtains during the life of his policy. They are liable to assessment for the payment of losses. To secure a more prompt payment of the assessments, most companies have inserted a clause in their policies, declaring the same shall be void unless the assessment be paid within a specified time after notice.

The word *void*, in a contract, has often been held to mean *voidable* only, and at the election of the party wronged. The cases recognising and affirming this rule of interpretation as applied to contracts generally, are very fully collected by Mr. Chief Justice LOWRIE, in Pearsoll *v.* Chapin, 8 Wright 9.

Although a condition be attached to the policy declaring it shall be void on a failure to pay an assessment within a specified time, yet the policy does not thereby become *ipso facto* void. The company may at its option declare the policy cancelled, and notify the delinquent, or may waive its right of avoidance and continue to assess the premium-note. In the former case the premium-note is not liable to assessment for the payment of future losses. In the latter case the contract relation is not wholly dissolved, but the protection of the policy is suspended until the default of non-payment is removed. On the payment of the assessments the policy revives in its full vigor. The delinquent holder of the policy cannot sustain an action for a loss sustained while he is thus in default. It is said in May on Insurance, § 553, that the acts of policy-holders which may entitle the corporation to defend against claims for losses do not necessarily release such parties from liability to assessments as members. Although the policy may provide that the person becoming a member shall continue a member so long as he is insured and no longer, yet if it stipulates that in case of forfeiture by the act of the insured, he shall not be released from the obligations of the premium-note until he has complied with the conditions of the policy and charter, requiring the payment of his proportion of all losses and expenses that may have accrued prior to the surrender of the policy or alienation of the property, the insured will still remain liable on his deposit or premium-note, for losses occurring after, as well as before, the alienation or act working the forfeiture, until all assessments are paid and the policy surrendered. The same principle is declared in Flanders on Insurance, p. 28, § 8; p. 147, § 5; Atlantic Ins. Co. *v.* Goodall, 35 N. H. 328; Neely *v.* Onondaga County Ins. Co., 7 Hill 50, and in Hyatt, Receiver, &c., *v.* Wait *et al.*, 37 Barb. 29.

Our own cases make a distinction in the effect to be given to different acts of the insured, although the policy declares that either shall make the policy void. Thus, in Wilson *v.* Trumbull Mutual Fire Ins. Co., 7 Harris 372, one of the by-laws provided that the

[Columbia Ins. Co. v. Buckley.]

alienation of any property insured should, *ipso facto*, make the policy void, unless notice thereof was given to the secretary and an assignment of the policy made to the purchaser within sixty days thereafter. The insured sold the property, but did not give the stipulated notice of his sale, nor did he assign the policy to the purchaser. It was held, that his premium-note was not liable to assessment to pay losses which accrued eight months after the sale. It was there said, he that sells his insured property excludes himself from membership and from all its liabilities thereafter accruing. He is no longer insurer or insured. He can claim no benefits nor be bound for any subsequent losses. Interest in the property insured is an essential link in the relation of insurance. The same principle is declared in Finley *et al. v.* Lycoming County Mutual Ins. Co., 6 Casey 311.

In Hummel & Co.'s Appeal, 28 P. F. Smith 320, one of the conditions of the policy declared, "whenever an assessment shall have been made on the premium-notes, and the same is not paid within thirty days after having been demanded by the company through their agents or receivers, the policy of insurance given upon such notes shall be null and void until the said assessment be paid, and the directors shall retain such premium-notes and collect thereon such sum or sums so assessed."

The act of incorporation declared that all persons who should insure with the company should be members while they continued insured, and no longer. It was nevertheless held, that the policy did not become "null and void" by the omission to pay the assessment for thirty days. It was said, the moment payment was made the contract, which was still alive, became operative in its protection.

It is true the condition declared the policy should be null and void "until the said assessments be paid," yet we do not think those words either control or change its effect. The condition there, as well as in the case we are now considering, substantially declares, that the company shall retain the premium-note and collect the amount due on the assessment.

The distinction between the effect given to alienation of the property insured and the failure to pay an assessment within the time specified has some foundation. In the former case the delinquent has no property to which the revived policy can apply. As to him, its protective power is gone past restoration. A lack of the essential element of interest in the property worked a severance of the insurance relation.

In the latter the delinquent retained the property over which the protecting care of the policy was again thrown on payment of the assessments. Time being the only material circumstance, it is waived by acceptance of performance after condition broken: 1 Strange 453. The company may, undoubtedly, waive a condition made in its favor. When it does so the rights and obligations of

[Columbia Ins. Co. *v.* Buckley.]

the insured become restored as fully as if the condition had not existed.

In the case now before us there had been no surrender of the policy by the insured, and no cancellation thereof by the company. No demand had been made for the premium-note, no satisfaction of it had been ordered. The note then remained in full force and was subject to assessments. The learned judge therefore erred in not entering judgment for the amount of the assessment made on the 12th of January 1874, as well as for the former assessment; therefore,

> Judgment reversed, and judgment in favor of plaintiff for the amount of both assessments, with interest according to the case stated.