### CONTINENTAL INSURANCE COMPANY v. BOYKIN.

Defendants insured their residence with the plaintiff company against fire for five years at long rates, payable annually in advance, giving their note for the deferred premiums, with a stipulation that the whole note should become due on failure to pay any instalment at maturity. The policy provided that on non-payment of a premium the policy should be void, and on non-payment of an instalment the policy should not be binding during the period of such default. Defendant failed to pay his second instalment. *Held,* that the plaintiff was entitled to recover the full unpaid balance of the note.[1]

Before HUDSON, J., Kershaw, September, 1885.

The opinion states the case. The Brief does not show when the action was commenced, the first paper dated being the master's report of August 21, 1885.

*Messrs. Kennedy & Nelson,* for appellants.

*Mr. W. M. Shannon,* contra.

August 3, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiffs insured the residence of the defendant, S. J. Boykin, situate in Kershaw County, against fire, under policy No. 2537, and dated November 16, 1880. The insurance was for five years, and was at the long rates of insurance, being twenty-five per cent cheaper than short rates. The policy contained, among other stipulations, the following, which are set forth in the "Case," as the only ones mate-

[1] See next case *infra.* Same plaintiff against Hoffman.—REPORTER.

rial here, to wit: 1st. * * * "If the assured shall have neglected to pay the premium, * * * then, and in every such case, this policy shall be null and void. 2d. The company shall not be liable for any loss or damage under this policy, if default shall have been made in the payment of any instalment of premium due by the terms of the instalment note. 3d. On payment by the assured or assigns of all instalments of premiums due under this policy and the instalment note given thereon, the liability of this company on this policy shall again attach, provided written consent of the superintendent of the Southern department be first obtained. * * * But this company shall not be liable for any loss happening during the continuance of such default of payment, nor shall any such suspension of liability under this policy on account of such default have the effect of extending such liability beyond the period of its termination, as originally expressed in writing hereon. * * * And, further, that no attempt by law or otherwise to collect the note given for cash premium, or any instalment of premium due upon any instalment note, shall be deemed a waiver of any of the conditions in this policy, or shall be deemed in any manner to revive this policy, but upon payment by the assured or his assigns of the full amount due upon such note and costs, if any there be, this policy shall thereafter be of force, unless the same be inoperative or void from some other cause than non-payment of such note. * * * Further, this company may at any time cancel this policy, returning the unexpired premium *pro rata.* The assured may at any time have the policy cancelled by paying the customary short rates for the expired time of full term."

In consideration of the insurance with the above stipulations, the defendants executed a note or contract, of which the following is a copy: "$150. For value received in policy No. 2537, dated the 16th day of November, 1880, issued by the Continental Insurance Company of New York, we promise to pay to said company, or order (by mail if requested), thirty-seven 50-100 dollars upon the 1st day of November, 1881, thirty-seven 50-100 dollars on the 1st day of November, 1882, thirty-seven 50-100 dollars upon the 1st day of November, 1883, and thirty-seven 50-100 dollars on the 1st day of November, 1884, without interest. And

it is hereby agreed and covenanted that in case of the non-payment at maturity on any one of the instalments herein named, the whole amount of instalments remaining unpaid on said policy shall become immediately due and payable."

The action below was upon this paper, the plaintiff alleging that no part of said note had been paid, except the first instalment, due the first day of November, 1881, and judgment was demanded for the balance, to wit, the sum of $112.50. * * * The defendants admitted the execution of the paper sued on, and also that no other but the first instalment had been paid. They contended, however, that the policy constituted the contract between the parties, and that under said policy, upon their failure to pay the second instalment on November 1, 1882, there was no longer any risk carried by the plaintiff, but since then there has been an utter failure of consideration, the company carrying no risk upon the house insured. Wherefore they demanded judgment, that the complaint be dismissed with costs.

By consent the case was referred to the master, upon whose report, with exceptions thereto by plaintiff, the Circuit Judge, his honor, Judge Hudson, decreed that said exceptions be sustained, and that plaintiff have leave to enter judgment for the sum of $112.50 and costs—the judge holding "that the express covenant in the note being so explicit as to prevent the court from any effort to relieve the parties to the note from the full consequences of failure or neglect to pay any instalment at maturity." The appeal assigns error to this ruling of his honor, and contends that the clause attached to the note, whereby on failure to pay any one of the instalments at maturity, the whole became due and payable, was in the nature of a penalty, and, as such, plaintiff could only recover the actual damage sustained.

The appeal requires construction of the two papers above referred to, to wit, the policy and the note. The policy contains the contract of the plaintiff, and the note that of the defendants. They were executed at the same time and refer to the same matter, and to be properly construed they must be read together. In the policy the plaintiff contracts to insure the residence of the defendant, S. J. Boykin, for a certain period, and upon certain conditions and stipulations, which are set forth above. These

stipulations are plain and easily understood, and even from a most cursory reading it will be seen that they were intended, not as a means of vacating the contract, but were inserted as conditions thereof, describing and indicating the character of the policy which the plaintiff was to issue, and did issue. The plaintiff took the risk of defendant's residence against fire for the period mentioned (at long rates) for the sum of $150,[1] which was twenty-five per cent. less than short rates, this amount to be paid promptly in annual instalments, upon the condition that upon default of any instalment, not that the contract of defendant should end, but that the risk should cease during such default, with the privilege to the defendants to re-attach said risk upon certain conditions; and with the further privilege to defendants to cancel the policy by paying the customary short rates for the expired time of full term. For this policy, with such conditions and stipulations, the defendant agreed to pay $150 in annual instalments, as stated above, with an express covenant incorporated in the note, that in case of non-payment of either instalment at its maturity, the whole amount remaining unpaid on said note should become at once due and payable.

When these contracts are thus read, the one after the other, it seems plain that defendants contracted to pay plaintiffs $150 in instalments for policy of insurance covering defendants' residence for a period of years, with the contingency that plaintiffs' risk might cease during this period upon default of defendants in paying the instalments ; not, however, with any stipulation that defendants should be relieved from any portion of the $150, but, on the contrary, with, as we have stated above, an express covenant that upon the default of defendants, which was to discontinue the risk, the whole amount of the $150 remaining unpaid was to become due and payable.

Now, we do not see that the plaintiff has failed in any respect to comply with its portion of the contract ; on the contrary, it has furnished to the defendants all that the contract required, and the defendants have received all that they were entitled to. They could have continued the risk of the plaintiff for the full

---

[1] Besides one year's cash advance premium paid when the policy was issued.—REPORTER.

period of the policy, had they chosen to do so, and if the plaintiff has been relieved from liability short of that time, it is the fault of the defendants in not complying with their portion of the contract.   Upon this default, with full knowledge that the plaintiff would be released thereby, they covenanted to pay the whole insurance money.   This contract may have been an unwise and improvident one, but still the defendants made it, and as was said by Judge Hudson in his decree: "It being so explicit, the court is prevented from any effort to relieve the parties from the full consequences thereof."   See *Williams et al.* v. *Albany Insurance Company*, 19 *Mich.*, 451; *American Insurance Company* v. *Isaac Stoy*, 41 *Id.*, 385; *Wall* v. *Home Insurance Company*, 36 *N. Y.*, 157.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.