CONTINENTAL INSURANCE COMPANY v. HOFFMAN.

*Continental Insurance Company* v. *Boykin*, *ante*, p. 323, approved, and the same construction given to a like contract.

Before KERSHAW, J., Fairfield, September, 1885.

The construction of the written contract in this case was submitted to the Circuit Judge, without a jury, who passed the following judgment thereon:

By the terms of the contract, on the failure of the assured to pay the first instalment of the note (as was the case here) the policy ceased to insure. In other words, the entire consideration of the promise to pay utterly and entirely failed. From that time there was no risk upon the company. Without risk to the company, there could be no consideration to the assured for the payment of the premium according to the promise, after default once made. It is true, it was provided that on payment of the amount due under the policy and the note, after default, the liability of the company should revive, but that was only on the

condition that the written consent of the superintendent of the Southern department, or other officer of the company, be first obtained. But, without such written consent, the payment of the premium would not have that effect. It remained optional with the company whether the policy should be revived or not. So long as that option remained with the company the performance by the assured of his executory contract to pay the premium could not be enforced by action.

If the note had been given and received as payment for five years indemnity, absolute and unconditional, then the action could be maintained under the conditions of the note, that all the instalments should be due on the failure of the assured to pay any one of the instalments at maturity, but here there is no such contract, no unconditional insurance for five years, *paid for* by the premium note. If the company, upon the failure of the assured to pay the first or any subsequent instalment of the premium as promised, had tendered her the written consent of the superintendent of the Southern department, or other officer of the company, to the revival of the policy upon payment of the amount due for the same, accompanied with a demand of payment, an action might have been had against the defendants for a failure, after such demand, to pay the sum due. But that would have been an action for a breach of contract, not a simple action on a note. This is not a promissory note, payable absolutely and at all events, but a promise to pay money, conditioned by many things which do not appear on the face of the instrument, detached as it is from the paper of which it was originally a part.

The true nature of the contract is declared in the case of *The American Insurance Company* v. *Stoy*, 41 *Mich.*, 385, a case nearly identical with the one at bar. * * * In that case, the condition that on the failure of the assured to pay any one of the instalments of the note, the whole should become due, is contained in the charter of the company, which was made a part of the contract by express words to that effect; while here, the condition is upon the face of the note. It was held there, that the condition did not bind the defendant, being in the charter merely, and not on the note.

I can see no reason why the provision here should at all affect

the conclusions arrived at, nor why it should have made any difference in that case. Before the company could avail itself of the provision it must place itself in a position to offer an equivalent for the sum demanded. The time when the sum might be demanded is not material, with reference to this question of the failure of consideration. The utmost that the company could claim, under the condition that the whole should become due on the failure to pay any instalment, would be that the premium for the entire period should be paid in advance from the time of such default; but, in order to enforce such claim, it would be necessary to offer, in return for the payment demanded, a policy in full force and effect for the whole period. It would not do to say to the assured—"Pay me the whole premium down as a penalty for your default, and if I see fit to give you my written consent, as 'nominated in the bond,' you may have a policy of indemnity, such as you contracted for, in return for such payment."

Here the action was not commenced until after the last instalment became due. The company, at that time, could offer no consideration for the payment demanded, except (with the written consent of its officer) to renew the policy for the remainder of the current year, because it was expressly provided that the payment of the premium note, after default, and consequent suspension of liability, should not have the effect of extending the policy beyond the period of its termination, as originally expressed in writing thereon. There could, therefore, be no revival of the policy, to extend beyond the termination of the same, as originally established; and herein this case differs from that of *Am. Ins. Co.* v. *Henley*, 60 *Ind.*, 515. The construction contended for by the company would have the effect, in this case, of giving the company premiums for five years' insurance, in return for an indemnity for less than two years. If correct, the company, in case of a default like that here, could sit quietly by until the end of the term of five years, and then collect the unearned premiums for four years, absolutely without any equivalent whatever. Such a construction is inequitable and unreasonable, and ought not to prevail.

The failure of the company to assert its rights for so long a

period, during which it had some equivalent to offer the assured, and its postponement to a time when it no longer had any, might well be considered a waiver of any right it might have had under the contract. At least, the utmost it could demand, would be the actual damages sustained, if any, in consequence of the failure of the assured to comply with the contract. The stipulation that "in case of the non-payment, at maturity, of any one of the instalments" of the premium note, "the whole amount of the instalments remaining unpaid on said policy shall be immediately due and payable," is a penalty, and intended to secure the payments of the instalments as they matured. Another penalty was that the policy thereupon "ceased to insure." To make the whole note collectible without an equivalent, would be to construe this as a stipulation for the payment of liquidated damages.

Says Lord Holt, in his note to *Barton* v. *Glover*, *Holt's N. P. Rep.*, 43: "Where a sum of money, whether in the name of a penalty or otherwise, is introduced into a covenant or agreement, merely to secure the enjoyment of a collateral object, the enjoyment of the object is considered as the principal intent of the deed or contract, and the penalty only as accessory, and, therefore, only to secure the damages really incurred." Or, as most felicitously expressed by Judge Glover, in *Bearden* v. *Smith*, 11 *Rich.*, 555, "the distinction between penalty and liquidated damages is, that the former is a security for, and the latter is to be paid in lieu of, the performance of the act to be done." If we apply these terse and comprehensive tests to the present contract, it will at once be manifest that the stipulation in question was a penalty merely, and would not authorize the recovery, on the instrument, of more than the actual loss suffered by the company, if any. It follows from what has been said that the plaintiff has misconceived its remedy, and can have no relief in this action.

It is adjudged, that the complaint herein be dismissed on the merits, and that the defendants do recover of the plaintiff the costs of the action, to be inserted herein.

From this judgment, the plaintiff appealed.

*Mr. O. W. Buchanan*, for appellant.

*Messrs. McDonald & Douglass*, contra.

August 10, 1886.   The opinion of the court was delivered by

MR. JUSTICE MCGOWAN.   This was an action by the plaintiffs against the defendants upon a premium note given in consideration of a policy of insurance.   The company covenanted to insure certain property against "loss or damage by fire and lightning" for a period not exceeding five years in the sum of $4,000.   At the time the policy was issued the defendants paid the sum of $30.00 in cash, and gave a premium note for the sum of $120.00, the entire premium being $150.00.   The contract of insurance was made on March 4, 1881, and on that day the cash payment was made and the premium note executed and delivered. In the note the defendants agreed to pay the amount in annual instalments of $30 each, on the 4th days of March, 1882, 1883, 1884, and 1885, to be paid in advance.   It is provided in the note, that, in case of non-payment at maturity of any one of the instalments, the whole amount of the instalments remaining unpaid shall become immediately due and payable.   But the action was not brought until after the expiration of the whole term of five years.

The following condition or stipulation was attached: "It is also covenanted and agreed, that if default is made in payment at maturity of any of the instalments of premium, to be paid as stipulated in premium note given herewith, the whole amount of all instalments unpaid shall become immediately due and payable, and the policy of insurance issued thereon shall cease to insure, and the said company shall not be liable for any loss or damage which may accrue to premises, issued thereunder during such default, nor until said policy shall be revived by the written consent of the superintendant of said company's Southern department or by an officer of said company, on payment to him of all dues thereon."   It is further conditioned that "any suspension of liability under this policy, on account of such default, shall not have the effect of extending such liability beyond the period of its termination as originally expressed in writing herein [no such right therefore in this case]; that no attempt by law or otherwise to collect any premium due upon any instalment note shall be deemed a waiver of any of the conditions of this policy, nor shall it be deemed in any manner to revive this policy.   This

company may at any time cancel this policy by returning the unexpired premium *pro rata*. The assured may at any time have the policy cancelled by paying the customary short rate for the expired time of the full term, (5 years)" &c.

The defendants refused to pay the first or any of the instalments of the premium note at maturity; and there was no proof before the court that the company ever made demand upon the defendants for payment of the said instalments or any one of them, and no evidence that notice was ever given by the company to the defendants through the mails or otherwise. There were no transactions between the plaintiff and defendants at any time between the date of the maturity of the first instalment of the note, and the date of the filing of the complaint in this action, July 24, 1885.

Upon the complaint and answer, and the facts as set forth, Judge Kershaw rendered a decree dismissing the complaint, upon the grounds therein stated, from which the plaintiffs appeal to this court upon the following grounds: I. For that his honor erred in holding that the instalment note therein was without consideration, null, and void; that the defendants should be allowed to avoid its payment, and that the policy for which the note was given was void; whereas, it is respectfully submitted, his honor should have held that there was a sufficient consideration and that said note was good and valid, due and payable, and that the policy was voidable and not void, and then only at the election of the insurance company. II. For that his honor erred in holding that said policy was void at the time of the suit brought herein especially, whereas it reads that it shall issue for five years from March 4, 1881, until March 4, 1886, the policy being the only evidence introduced upon that point by any one, and was taken by admission as what it purported to be on its face. III. That said decision was contrary to the law applicable therein, and that the decision, it is submitted, should have been in favor of the plaintiff.

This is certainly a very hard case. The insurance was avowedly for "five years." The company carried the liability only one year, for which they received the cash, but as to the other four years, the company carried nothing, carried no liability

whatever, for the reason that the instalments of the note were not paid at maturity, and yet now sues on those instalments, claiming that they are "good and valid, due and payable." At first view it would seem that this was a contract of insurance from year to year upon "the instalment plan" to run for a period not exceeding five years, as in the case of *The American Insurance Company* v. *Stoy,* 41 *Mich.*, 385, cited in the judgment of the court below. But it seems that this company (Continental Insurance) had what are called "long terms" and "short terms"; that they charged a larger premium for one year (short) than for five years (long), and that this difference was twenty-five per cent.; so that the defendants, in this case, by taking a long insurance for five years, secured insurance for the year which they paid, at twenty-five per cent. less than they would have had to pay if they had taken the insurance for a single year, as was the practical result; and that this difference of $7.50, may be regarded as consideration for the note of $120.00.

It is true that one of the numerous stipulations and conditions attached, was that the assured might at any time have the policy cancelled; but, however, upon the express condition of "paying the customary short rates for the expired time of the whole term," which was not done. The simple failure to pay the instalments as they fell due, without payment of the additional short rate premium for the time then expired, can hardly be regarded as "a cancellation" under the very particular terms of the agreement. This appears to have been the contract, and although, as it seems to us, it was one-sided, unequal, and unjust, yet if parties, who are of full age and of sound mind, without misrepresentation, imposition, or fraud, choose to make such a contract, we know of no principle or authority which would justify the court in denying the right to enforce it. The precise point has just been ruled by this court in another case of the same plaintiff, *Continental Insurance Company* v. *Boykin* (case next *ante*), to which reference is made, as conclusive of this case.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the case remanded to the Circuit for a new trial.