## ROBINSON v. INSURANCE CO.

1. EVIDENCE: *Contradicting policy of insurance.*
   Parol evidence is inadmissible to contradict the provisions of a policy of insurance.

2. PROMISSORY NOTE: *Given for insurance: Consideration:*
   The plaintiff by its policy agreed to insure the defendant from loss by fire from the first of February, 1885, to the first of February, 1890, in consideration of a certain premium. But the policy provided that it should be void during such portion of said period as any past-due note of the defendant, given for any part of the premium and held by the company, should be unpaid in whole or in part. The defendant paid part of the premium in cash and for the balance executed his note due Dec. 1st, 1885. The note recites that it was given in payment of premium and that if it is not paid at maturity, the policy should then cease and be void until full payment of the note. The plaintiff's action on the note was defended on the ground that it was without consideration after its maturity. *Held:* That the insurance being for one indivisible period, in consideration of one indivisible premium, the note was part of the consideration upon which the defendant was insured up to the time of its maturity; and as the policy was thereafter only suspended by the default of the defendant and could be revived at any time by the proper payment, the note was not without a valuable consideration to support it.

3. **PRACTICE IN SUPREME COURT:** *Objection not made in trial court.*

An objection to the ability of a plaintiff to prosecute an action, will not be entertained in the supreme court where it is not made in the court below.

APPEAL from *Faulkner* Circuit Court.

J. W. MARTIN, Judge.

*P. H. Prince*, for appellant.

The note was null and void for want of consideration. The policy was void by its own terms after Dec. 1, 1885, and appellee not being bound in case of loss, appellant was not bound.

The application, note and policy all constitute one contract (7 N. W. Rep., 139), and the question is, What is the contract? In a similar case the policy was held void, and the risk being ended that there was no liability for the deferred premium. 41 Mich., 385.

Robinson's testimony should not have been excluded. 27 Ark., 328; 25 Id., 380; 15 Id., 543; 4 Id., 179.

The appellant paid the full amount of the earned premium to the time the policy became void and there could be no further liability.

The appellee, a foreign corporation, failed to show compliance with the laws of Arkansas. Mansf. Dig., sec. 3827; 1 N. W. Rep., 877.

*J. H. Harrod*, for appellee.

1. Robinson's testimony properly excluded. 15 Ark., 543; 17 Wall., 96; 23 How., 49; 22 Id., 28; 109 U. S., 672.

2. The policy was not null and void *absolutely*, but the rights of the assured were simply suspended during default. Upon payment the policy becomes valid. Similar policy upheld in 19 Mich., 451.

No objection was raised in the circuit court to the com-

Robinson v. Insurance Co.

pany's capacity to do business in this State. It is too late now. Ark. Rep. *passim.* 43 Ark., 219; 43 Id., 535. See also, 72 Ind., 95; 60 N. H., 458.

HEMINGWAY, J.

The plaintiff, appellee here, sued defendant, the appellant here, on a note dated January 30 and due Dec. 1st, 1885.

The note recites that it was given in payment of premium on an insurance policy, and that if it is not paid at maturity, the policy shall then cease and determine, and be null and void, and so remain until the same shall be fully paid.

The defendant answers that he paid as a premium $41.50 cash for the protection of his property until Dec. 1st, 1885, the day the note matured; that he gave the note in payment of premium from Dec. 1st, 1885, until Feb. 1st, 1890. That by the terms of the note and policy of insurance it was provided, that if the note was not paid at maturity the policy should cease, determine and be null and void, and so remain until the note should be paid. That the note was not paid at maturity, the policy became inoperative, and the company ceased to be liable upon it, and the note was therefore without any consideration to support it. The cause was submitted to the court sitting as a jury, and the defendant introduced in evidence the policy and offered to introduce the testimony of A. P. Robinson, which was excluded. The policy is very long, but its provisions material to the determination of this cause are about as follows: The company, by the policy, in consideration of $40.50 cash and the note sued on, insures Lester L. Robinson against loss or damages by fire, etc., on property specified, in an amount specified, from the first of February, 1885, to the first of February, 1890, except such of said period of time as the company shall hold against the assured any promissory note past due

and unpaid, in whole or in part, given by the assured for the premium charged for the policy or any part of it; and during such portions of time the policy should be null and void and so continue until such note is fully paid. The note was to be taken as a payment until its maturity and default in paying it, but if a loss occurred while such default continued, there could be no recovery on the policy.

The defendant asked the court to make two declarations of law as follows: ''First—Defendant asks the court to declare the law to be, that the application, insurance policy and note, all must be taken together, as one entire contract; and that said policy being null and void at the time the note was due, if not paid, that the note was also null and void and the plaintiff could not recover. Second—Defendant asks the court to declare the law to be, that if the evidence shows that the full payment of premium was paid on the policy up to December 1st, 1885, the date when said note was due, that there was no consideration for the execution of said note and the plaintiff could not recover.'' The court denied the request and found in favor of plaintiff.

Defendant filed his motion for a new trial, alleging as error that the court excluded the testimony of A. P. Robinson, and that the court declined to declare the law as requested. The motion was overruled, judgment rendered for plaintiff and the defendant prosecutes his appeal, and we are asked to reverse the judgment for the reasons set out in the motion for a new trial.

1. EVIDENCE: Contradicting policy of insurance. Part of Robinson's testimony, which was excluded, was wholly irrelevant, and could have availed nothing if admitted. The balance was in direct contradiction of the provisions of the policy and therefore incompetent. There was no error in its exclusion.

Robinson v. Insurance Co.

But it is earnestly contended that the declarations of law 2. Promissory Note: were proper, should have governed in determining the cause, Given for insurance: and that the note was without any consideration and void. Consideration. Whether this contention be well taken or not must be determined by an inspection of the policy, which is without ambiguity or uncertainty.   As appears from examining it, the company agreed to insure the appellant from loss by fire for the period of five years, for the consideration of $41.50 and the note sued on, which was taken as payment until its maturity and default in paying it.  By its terms it provides for one entire, indivisible period of insurance for the consideration of one entire, indivisible premium.   No part of the consideration procured the insurance for any particular portion of the time, but the entire insurance was procured by the entire consideration. The contract certainly furnishes no intimation or guide by which any part of the premium paid could be apportioned to any part of the term.  The assured was protected by the insurance ten months, and there is nothing in the contract that indicates that the note was not as much a consideration for this insurance as the cash paid.   The appellant, to justify his position, refers us to the case of the *American Ins. Co. v. Isaac Stoy*, 41 Mich., 385 (S. C., 1 N. W. Rep., 877), and to none other.

We think the case fails to support his position, but on the contrary concedes its error.

In that case the policy of insurance was for five years, and the insured made a cash payment as premium for the first year's insurance, and gave an installment note, comprising four equal annual payments, each as a premium for one year's subsequent insurance.  The policy provides that if either installment was not paid at maturity, the policy should be void.  It clearly appeared that each installment in the note was given for insurance during a distinct year.  The

Robinson v. Insurance Co.

company sued on the note and it was held that it could not recover, but the court drew the distinction between the case decided and such cases as the one at bar, in which it recognized the law as the other way. In the same court a case similar to the one at bar had been previously decided. The policy was held not to be void in case of default in paying the notes, because it was expressly stated that it could only be void while the past due note, or a part of it, was unpaid; in case of default there was a suspension of liability which the assured could revive any time by payment of the note. The court expressed its inability to discover any ground on which the validity of the note could be questioned, because the parties were competent to make their own contract, agree upon the rate of premium, and determine contingences upon which the period of insurance might be made shorter. *Williams v. Albany Ins. Co.*, 19 Mich., 451. The above views are sustained by the supreme court of Indiana. *Am. Ins. Co. v. Haly*, 60 Ind., 515. The note was a part of the consideration upon which Robinson had insurance from Feb. 1st to Dec. 1st, 1885. That it was suspended, was due to his failure to discharge his obligation. He could have revived it at any moment. There was a valuable consideration to support it, and the court properly refused the instructions.

3. PRACTICE IN SUPREME COURT: Objection not made below. Appellant urges that defendant is a foreign corporation, and to maintain this suit must prove that it has complied with the State laws relating to foreign corporations doing business in the State. No such objection was made in the circuit court, and an objection to the ability of a plaintiff to prosecute an action will not be entertained in this court if not made below. There is no error and the judgment is affirmed.