9879

SECURITY LOAN & INVESTMENT CO. v. ETHEREDGE.

(95 S. E. 109.)

INSURANCE—FIRE POLICIES—ACTION FOR PREMIUM—DEFENSES.—In an action for the premium due on a renewal of a fire insurance policy, it is no defense that the insured, the defendant, failed to comply with the iron-safe clause of the policy, or the provision that he should take an inventory, for it is a well-recognized principle of law that no one can be heard to plead his own wrong, and so a party to a contract cannot be relieved from performing one provision, because he himself has broken another.

Before DeVore, J., Summer term, 1917.    Affirmed.

Action by the Security Loan & Investment Company against J. P. Etheredge.    From a judgment for plaintiff, defendant appeals.

*Mr. Eugene W. Able,* for appellant.

*Messrs. B. W. Crouch* and *C. J. Ramage,* for respondent, cite: 79 S. C. 526; 97 S. C. 375; 52 S. C. 224; 70 S. C. 295; 74 S. C. 246; 75 S. C. 261; 80 S. C. 392; Vance on Insurance, sections 72-73, p. 109; Kerr on Insurance, sections 131-132, pp. 293-4.

January 25, 1918.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for $64.50, the premium on a policy of fire insurance.    It was a renewal policy.    The defendant received the policy, and kept it, but did not pay the premium. The defense was that the policy provided that it should be void if the insured did not comply with the iron safe clause, and did not make an inventory of the stock of goods insured. The defendant did not have an iron safe, and made no inventory.    The case was tried before Judge DeVore and a jury. At trial there was no dispute about the essential facts.    The presiding Judge directed a verdict for the plaintiff, and this appeal was taken.

There is no use to cite authorities.    There is an old and well recognized principle of the law that no one can be heard to plead his own wrong.    A party to a contract cannot be relieved from performing one provision of a contract because he has himself broken another provision.    The question was one of law and not of fact, and Judge DeVore did not err in refusing to submit the case to the jury, nor did he err in directing a verdict for the plaintiff.

The judgment is affirmed.