11826

HARTFORD FIRE INS. CO. v. YOUNG

(129 S. E., 129)

1. EVIDENCE—PAROL EVIDENCE HELD ADMISSIBLE TO PROVE ACTUAL AGREEMENT AS TO TERMS ON WHICH FIRE POLICY COULD BE CANCELED.—Where neither application for fire policy or notes for premiums stated the terms and conditions upon which the policy to be issued might be canceled, parol evidence was admissible in action on note to prove the actual agreement as to terms of cancellation, since the application and notes constituted a mere offer to contract or order for policy, and not a contract within the parol evidence rule.

2. INSURANCE—FAILURE OF CONSIDERATION FOR PREMIUM NOTE HELD FOR JURY.—In insurer's action on premium note, question of whether consideration for note had failed because of insurer's breach of agreement, permitting insured to cancel policy on certain terms, *held* for the jury.

Before HENRY, J., Aiken, December, 1924. Reversed and new trial ordered.

Action by the Hartford Fire Insurance Company against L. M. Young. Judgment for plaintiff, and defendant appeals.

*Messrs. Williams, Croft & Busbee,* for appellant, cite: *False representations to illiterate party to contract:* 123 S. E., 848; 100 S. C., 203. *Jury to decide facts:* 98 S. C., 282; 101 S. C., 256; 125 S. E., 921. *Offer to perform contract:* 111 S. C., 54; 115 S. E., 247. *Best evidence rule:* 113 S. E., 357; 75 S. C., 342; 51 S. C., 69.

*Mr. T. R. Morgan,* for respondent, cites: *Failure to use means of knowledge:* 20 Cyc., 32. *Duty to read contract before signing:* 9 S. C., 43; 78 S. C., 419; 59 S. E., 67.

September 3, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The exceptions assign error in the direction of a verdict for the plaintiff in an action upon a premium (fire insurance) note.

The following facts appear to be undisputed:

The defendant was visited by agents of the plaintiff who solicited him to take out a policy of fire insurance. As the result of this solicitation defendant signed an application in writing for insurance and two promissory notes. The application contained provisions to the effect (1) that it was on application "for indemnity against loss or damage by fire and lightning * * * by the Hartford Fire Insurance Company * * * in the sum of $20 (error, apparently for $2,000) on property as below specified, commencing on the 23d day of June, 1921," etc.; (2) "that insurance shall be predicated on such statement, agreement, and description" as were "contained on both sides of this application," if the "application is approved"; (3) that if any promissory note, "given for the whole or any portion of the premium of the policy that may be issued upon this application, shall not be paid promptly, when due, then said policy shall be suspended * * * until such premium is paid"; and (4) that the company shall not be bound by any act done or statement made, by or to any agent, * * * which is not contained in this my application." One of the notes, dated June 23, 1921, due October 15, 1921, was for $37.84, and contained this provision:

"Being first payment for insurance premium based upon application made this day to Southern Farm Department (Atlanta) the Hartford Fire Insurance Company, Hartford, Conn. This note shall not be valid, unless policy is issued by said company."

That note was paid prior to maturity. The other note— here sued upon—was of the following tenor:

"151.36. For value received in policy No. F. I., 720, T. I., 3574, dated the 23d day of June, 1921, issued by the Hartford Fire Insurance Company * * * I promise to pay to said company, or order, * * * one hundred fifty-one and 36/100 dollars, payable in installments as follows: Thirty-seven and 84/100 dollars upon 1st day of

July, 1922, and thirty-seven and 84/100 dollars upon 1st day of July, 1923 (same amount payable on July 1, 1923, and July 1, 1924). And it is hereby agreed that in case any one of the installments herein named shall not be paid at maturity * * * this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made * * * and the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due, and payable, and may be collected by law," etc.

The defendant failed to pay the installment due under the terms of the foregoing note on July 1, 1922, and thereafter in July, 1923, this action was brought for the aggregate of all of the installments, included in the note, amounting to $151.36.

The defendant pleaded fraud based, substantially, upon allegations to the effect that the note was executed by him in reliance upon a fraudulent misrepresentation by the defendant's agent that the application or contract and note referred to embodied a provision "that should he become dissatisfied he could notify the plaintiff at any time before any installment was due, * * * and that the company would cancel the insurance and return the note to the defendant duly canceled, the defendant being required to pay only the insurance due for the time the policy ran, plus not exceeding $3," etc.; and that he would not have signed said note "had it not been for the said representation, for the truth of which he relied upon such agent's representation and was compelled to rely upon him because of defendant's inability to read and understand said contract and note."

The defendant's testimony, introduced without objection, was to the effect that when solicited to take the insurance he was working in his cornfield, about a quarter of a mile from his house; that the plaintiff's agents told him that it was a five-year policy and that if he didn't care for it at the end of the year he could cancel it, and that to cancel at the

end of the year after paying for the first year "would be $3"; that the agents "pulled the policy out" and he told them he "didn't understand such policies"; that he did not have his glasses in the field, and the sun was hot, and he could not read it; that he could make out part of it and read a little bit, and one of the agents said, "There is so much it would take you a year to read it, and a man without a good education don't understand that thing then"; that they told him "what was in it" and he "signed it"; that he is a man of limited education and with his glasses could not have read and understood "that thing"; that he paid the note representing the first year's premium and wrote the company that he did not want the insurance longer than the one year and asked them to let him know what the difference was between the long rate and the short rate, and they never replied; that "afterwards" he offered the company's attorney to "pay it if he would tell" him what it was; that the offer was refused, etc.

One of the plaintiff's agents, who solicited the application for insurance, testified as a witness for plaintiff, that he told the defendant at or before the signing of the notes and application that "if he didn't like it after a year, he could pay $3.78" in addition to his first year's premium and cancel the policy; that he could cancel at any time he wanted "to pay by a short rate." A letter from the company to the defendant, dated August 2, 1922, contained the following:

"Cancellation can only be effected under the terms provided for in your policies, i. e., the short rate basis * * * upon receipt of $37.84 * * * we will cancel your insurance."

The cause seems to have been tried upon the theory that the defendant's right to relief from liability upon the note depended upon establishing that he was induced to sign it by a fraudulent misrepresentation as to the contents either of the note or of the application signed by him, and that under the particular circumstances of this case he was not

guilty of such reckless or conscious failure to exercise due care in signing these paper writings without reading them as would preclude him from impeaching the validity of the note on the ground of fraud, under the principle announced and applied by this Court in *J. B. Colt Co. v. Britt,* 129 S. C., 226; 123 S. E., 848. That position would seem to have been taken under the impression that the note and the application constituted such a contract in writing between the parties as would preclude parol proof of the alleged representation on the part of the insurer's agents with respect to cancellation of the insurance, unless it could be established that defendant was fraudulently induced to sign the said paper writings by a false representation as to their contents. In that view, we think defendant misconceived his case.

Neither the note sued upon, nor the application signed by defendant, nor the two papers taken together purported to embody the entire agreement between the parties. The consideration for the note, as therein expressed is, "for value received, in Policy No. F. L. 720, T. I. 3574, dated the 23d day of June, 1921, issued by the Hartford Fire Insurance Company," etc.; but that no such policy had been issued on the date the note was executed is clearly inferable from the terms of the other note given for the first year's premium upon the identical insurance, and from the terms of the application signed by defendant at the same time this note was signed. The evidence is susceptible of no other reasonable inference than that the application and the notes executed by defendant constituted a mere offer to contract, or order, for an insurance policy which was subsequently to be issued and delivered to defendant if the offer of defendant was approved and accepted by the insurance company; that neither the note nor the application signed by defendant undertakes or purports to set out all the terms and conditions of the insurance policy, or contract on the part of the insurance com-

pany, which was to be furnished as consideration for the note, is apparent on the face of the papers signed by defendant. Thus there is no reference in those papers to the terms and conditions upon which the proposed insurance policy to be issued might be canceled, but from the evidence (letter of the company, dated August 2, 1922) it appears that the policy, or policies, actually issued did contain terms and conditions upon which they might be canceled. In the circumstances indicated, the introduction of parol evidence to establish what the actual agreement was as to terms and conditions upon which the insurance, agreed to be purchased by defendant, might be canceled, would not be in violation of the parol evidence rule under the well-settled principle:

"That if the true consideration of the note rests in an agreement, written or oral, between the parties, the proof of such agreement does not necessarily tend to change the terms of the note, although by showing the true consideration upon which it was given it may control the recovery upon the note. *McGrath v. Barnes,* 13 S. C., 328; 36 Am. Rep., 687. *Bulwinkle v. Cramer,* 27 S. C., 380; 3 S. E., 776; 13 Am. St. Rep., 645." *Knight v. Knotts,* 8 Rich., 35. *Kaphan v. Ryan,* 16 S. C., 357. *Moffatt v. Hardin,* 22 S. C., 27. *Willis v. Hammond,* 41 S. C., 163; 19 S. E., 310. *Stalmaker v. Tolbert,* 121 S. C., 437; 114 S. E., 413. *Sydnor v. Boyd,* 119 N. C., 481; 26 S. E., 92; 37 L. R. A., 734.

If the evidence, as to the alleged verbal representation or agreement of the plaintiff's agents at the time of the execution of the note, was properly admitted, there was some evidence tending to show failure of consideration for the note sued on, and the verdict was erroneously directed.

Whether the defendant's acceptance of the policy issued was a waiver of his right to claim a failure of consideration for his premium note, or would operate to estop him from asserting that defense under the circumstances of this case,

is a question which does not arise and cannot be intelligently passed upon in the state of the record here presented. For one view of that question, see *Bostwick v. Mutual Life Ins. Co.,* 116 Wis., 392; 89 N. W., 538; 92 N. W., 246; 67 L. R. A., 705; for the contrary view, see *Summers v. Alexander,* 30 Okl., 198; 120 P., 601; 38 L. R. A. (N. S.), 787.

The judgment of the Circuit Court is reversed, and a new trial ordered.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and COTHRAN and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.