### 11900

### HARTFORD FIRE INS. CO. v. GRAY, *ET AL.*

#### (131 S. E., 428)

INSURANCE—INSURANCE COMPANY MAY RECOVER ON NOTE, WITH PROVISION FOR LAPSE OF POLICY UPON DEFAULT IN PAYMENTS.—In action on insurance note, with provision for lapse of policy in case of

default in any of payments, it is no defense that insured had defaulted in payment, thus causing lapse of policy, and insurance company is entitled to recover full amount of note.

Before SEASE, J., Bamberg, Spring Term, 1924. Reversed and remanded for new trial.

Action by the Hartford Fire Insurance Company against Mrs. S. C. Gray and another. From a judgment for plaintiff on a directed verdict for a reduced amount, plaintiff appeals.

The exceptions are as follows:

Appellant, Hartford Fire Insurance Company, excepts to the order of nonsuit granted herein by Hon. T. S. Sease, and the judgment of the Circuit Court thereupon entered, and also to the order of his Honor refusing to strike out the allegations of the answer, upon the following grounds:

I. His Honor erred in overruling appellant's motion to strike out the allegations of the several defenses set up in the answer of the defendants, the error being: (a) That the motion therefor was properly noticed; (b) the motion of appellant was meritorious, and should have been granted.

II. His Honor erred in granting the nonsuit upon the grounds stated by respondent's counsel in his motion. If this Court holds that the nonsuit was granted on those grounds, the error being: (a) Because respondent's motion was predicated on the policy which was not in evidence, and, therefore, not subject to construction, and being construed without being put into evidence until which time appellant's counsel could not argue its construction, amounts to the deprivations by the Court of "due process of law" to the appellants and violates Article 5 of the Amendments to the Constitution of the United States of America, and Section 5 of Article 1 of the Constitution of the State of South Carolina; (b) in holding, in effect, that the contract between plaintiff and defendant was unilateral, such a finding amounting to holding, as a matter of law, that a contract

binding upon the defendants and the plaintiff for five years automatically ceases to be binding upon the defendants in case of their own default and when the plaintiff is not in default; (c) because such a finding amounts to the statement as a proposition of law that an insurance company cannot limit its liability on a fire insurance policy, the consideration for which is one-fifth of the premium paid in cash, and the balance on installment note for the other four-fifths, payable at the end of one, two, three, and four years, respectively, by providing that the policy shall be suspended while installments on premium notes remain due and unpaid, the consideration for such limitation of liability being a reduction of premium; (d) in holding, in effect, that respondents can claim a rescission of their contract while they themselves are in default and not the appellant.

III. His Honor erred in granting the nonsuit for the reasons stated by his Honor, same not being responsive to the motion of respondent, upon grounds not apprehended or discussed by the attorneys, and there being no testimony upon which the findings of fact or conclusions of law of his Honor could be based.

IV. His Honor erred in granting the nonsuit, the error being that in granting the motion for a nonsuit his Honor gave consideration to the policy, and construed it to provide that "either party could cancel the policy at will," and to provide that it "cancelled itself when the premiums were not paid according to the terms of the note and policy," when said policy had not been introduced into evidence; such a finding amounting to the depriving of the appellant of "due process of law" and the violation of Article 5 of the Amendments to the Constitution of the United States of America, and Section 5 of Article 1 of the State of South Carolina.

V. His Honor erred in granting the nonsuit, the error being that, in order for his Honor to have found the facts that he did, it was necessary that evidence legally before

the Court be produced on the following questions, viz., what the contract between the parties was, whether it was supported by a valid consideration, whether the contract was legal, whether the respondents had performed their contract, whether either party had waived any of the provisions of the contract, whether the contract could be canceled, and how, etc., which issues had been raised by defendants' answer, but upon which there was no evidence whatsoever, and to which issue appellant never had an opportunity to reply, since defendants moved for a nonsuit without putting up evidence; and his Honor's order has deprived appellant of "due process of law" in violation of Article 5 of the Amendments to the Constitution of the United States of America, and of Section 5 of Article 1 of the Constitution of the State of South Carolina.

VI. Erred in arbitrarily and without evidence fixing the rate and premium for insurance on defendant's property.

Erred in holding that $3.75 was a reasonable attorney's fee for bringing this action.

*Mr. J. Wesley Crum,* for appellant, cites: *Due process of law defined:* 167 U. S., 409; 33 Sup. Ct. Rep., 1041. *Motion for nonsuit groundless:* 25 S. C., 327; 25 S. C., 323. *Contract not unjust:* 25 S. C., 327; 25 S. C., 323. *Court cannot pass on terms of insurance policy not before it:* 230 U. S., 139; 167 U. S., 409.

*Messrs. Ninestein & Baxley* for respondents.

January 25, 1926.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE.

This is an action on a note, and was called for trial at the spring, 1924, term of the Court of Common Pleas for Bamberg County.

The first exception relates to the refusal of a motion to strike out from the answer the defenses, but this exception was abandoned at the hearing.

At the trial plaintiff introduced the note which will be hereafter set out in full. Then defendants' attorney moved for a nonsuit on the ground that when there was a default in any payment of any of the installments, the liability of the insurance company ceased, and it was no longer bound in any way whatsoever, and was consequently no longer a party to the contract; that therefore, after the lapse of the policy because of the default in payment, the contract automatically became a unilateral contract, and by reason thereof ceased to be valid in law. After some discussion, the Court did not grant a nonsuit, but directed a verdict for the plaintiff for $15.00 and a 25 per cent. attorney's fee, making a total of $18.75. The Court used the following language:

"I am inclined to the view that the policy cancelled itself, when the premiums were not paid according to the terms of the note and policy. Plaintiff is only entitled to a proportionate amount of the one-year premium by virtue of the reduced rate."

The Court, speaking to Mr. Ninestein:

"You have already made a motion for a nonsuit, and you are precluded from putting up testimony. I think that the plaintiff is entitled to the full amount of one-year insurance. You know they can get insurance cheaper by taking it for five years, and you are entitled, Mr. Crum, to recover the short rate that they get the benefit of."

Plaintiff then appealed from the directed verdict for $18.75, upon exceptions which will be set out in the report of the case.

We shall not consider the exceptions seriatim, but confine ourselves to the questions that in our judgment determine this appeal.

It is well to note at the outset that the policy of insurance was never introduced, nor was there any testimony to sustain the defenses set up in the answer. The only thing of an evidentiary nature in the case was the note which will be set out in full later.

Judge Sease directed a verdict on his own motion, which is proper and allowable in a case where the law and facts warrant it, even in the absence of a motion to that effect, or even where a motion for a nonsuit has been made as in the present case. But, as will be shown in the discussion later on, a verdict should not have been directed for $18.75. But, even had the judge passed on the motion for a nonsuit, under the law and facts of this case, he could not even have granted that motion.

The following is the note:

"The company is authorized to insert in this note the number and date of policy.

"$320.72. For value received, in Policy No. F 1359 T I 841 dated the 30th day of April, 1920, issued by the Hartford Fire Insurance Company, Hartford, Conn. We promise to pay to the said company or order (by mail, if requested) at the office of its Southern Farm Department, in Atlanta, Georgia, with expenses of collection and attorneys' fees, and without relief from valuation or appraisement laws, three hundred twenty dollars and seventy-two cents, payable in installments as follows: Eighty dollars and eighteen cents, each, upon the first day of May 1st, 1921, 1922, 1923, 1924, respectively, without interest.

"And it is hereby agreed that in case any of the installments herein named shall not be paid at maturity, or if any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium for said policy shall not be paid promptly when due, this company shall not be liable for loss during such default, and the said policy shall lapse until payment is made to this company at the Southern Farm Department at Atlanta, and the whole amount of installments or notes remaining unpaid on said policy may be declared earned, due, and payable, and may be collected by law. In settlement of any loss under above policy, this company may deduct therefrom the entire amount of unmatured installments of

this note. This note is given in payment for above policy of insurance.

"Mrs. S. C. Gray.

"J. H. Rhoad."

In the case of *Continental Insurance Co. v. Boykin,* 25 S. C., 323, we find:

"Defendants insured their residence with the plaintiff company against fire for five years at long rates, payable annually in advance, giving their note for the deferred premiums, with a stipulation that the whole note should become due on failure to pay any installment at maturity. The policy provided that on nonpayment of a premium the policy should be void, and on nonpayment of an installment the policy should not be binding during the period of such default. Defendant failed to pay his second installment. Held, that the plaintiff was entitled to recover the full unpaid balance of the note."

In the case of *Security Loan & Investment Co. v. J. P. Etheredge,* 109 S. C., 32; 95 S. E., 109, we find:

"In an action for the premium due on a renewal of a fire insurance policy, it is no defense that the insured, the defendant, failed to comply with the iron safe clause of the policy, or the provision that he should take an inventory, for it is a well-recognized principle of law that no one can be heard to plead his own wrong, and so a party to a contract cannot be relieved from performing one provision, because he himself has broken another."

"Under a contract for insurance on property for a number of years constituting an entire, indivisible period, in consideration of an entire, indivisible premium, made up partly of cash and partly of a promissory note, the nonpayment of which at maturity is to cause the policy to 'cease and determine, and be null and void and so remain, until the same shall be fully paid,' the maker cannot defeat an action on the note on the ground that its nonpayment at maturity avoided the policy, and hence that the note was without con-

sideration; nor can he apply the cash payment to the premium due prior to the maturity of the note and elect to withdraw from the contract and refuse to pay the note." *Robinson v. Insurance Co.*, 51 Ark., 441; 11 S. W., 686; 4 L. R. A., 251. *St. Paul Fire and Marine Insurance Co. v. Coleman*, 6 Dak., 458; 43 N. W., 693; 6 L. R. A., 87.

A policy of insurance issued by a mutual company provided that the policy should be void; provided:

"Any assessment on the premium note should not be paid within 30 days. An assessment was made which was not paid within the 30 days, and afterward a further assessment was made which was also unpaid. An action was brought for both assessments. Held, that the failure to pay the first assessment within the thirty days did not *ipso facto* render the policy void, but that the company could waive the condition, and could, therefore, lawfully impose the second assessment." *Columbia Insurance Company v. Buckley,* 83 Pa., 293; 24 Am. Rep., 172.

Quite a different question would be presented, if for any reason the facts in this case should bring into play the rule laid down in 32 *Corpus Juris,* p. 1210, § 348:

"Lapse or forfeiture of a policy, its cancellation by either party, or its surrender by insured, under the provisions of the contract of insurance, generally releases insured from liability for premiums not heretofore earned, but not for premiums earned while the policy was in force."

This was evidently the rule Judge Sease had in mind when he directed a verdict; but the facts of the present case, so far as they had been developed at the trial, did not call for the application of the rule, but the case is governed by the other citations of authority set out above.

Indeed, we find in *Corpus Juris,* immediately after the statement just quoted:

"However, where the company waives forfeiture or its right to cancel and elects to continue the policy in force, insured may still remain liable for the premiums claimed to

have been earned thereafter." 32 *Corpus Juris,* pages 1210, 1211.

In view of the fact that the policy was not in evidence, that there was no tesimony introduced to prove the allegations of the answer, and in view of the law as set out above, it is clear that it was error to direct a verdict for $18.75, and it is also clear that it would have been error to have granted a nonsuit.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to the Circuit Court for a new trial.

MR. JUSTICE WATTS concurs.

MR. JUSTICE COTHRAN and MESSRS. ACTING ASSOCIATE JUSTICES J. H. MARION and R. O. PURDY concur in result.

MR. CHIEF JUSTICE GARY did not participate.

MR. JUSTICE COTHRAN: I concur in the result of the opinion prepared by Mr. Acting Associate Justice Ramage, and for that reason desire to express my views of this case upon somewhat different lines.

It appears that on April 30, 1920, the insurance company issued to the defendants a policy of fire insurance covering certain buildings, and in an amount not stated in the record for appeal. The policy was not introduced in evidence at the trial, but it appears elsewhere that the insurance was for a term of five years beginning April 30, 1920. The premium for the first year was paid in cash at the time of the issuance of the policy, and at the same time the defendants executed and delivered to the insurance company their note for $320.72, payable in four equal annual installments of $80.18, on the 1st day of May in each of the years 1921, 1922, 1923, and 1924, without interest, together with expenses of collection and attorney's fees. The note provided that the failure to pay any installment at maturity should work a suspension of the policy so long as such default continued, and that the company would not be responsible for a loss occurring during such suspension, and

that the policy should lapse until payment should be made to the company at its office in Atlanta. It also provided that any such default would, at the option of the company, effect a maturity of the entire note.

The insured failed to pay the installment which was due on May 1, 1921, and also the installments which were due in May, 1922, and May, 1923. In June, 1923, the plaintiff instituted this action for the full amount of the note, $320.72, and for a reasonable attorney's fee. No interest upon the note was asked.

The defendants in their answer set up several defenses, but the only one that requires consideration is that the default of the defendants in paying the installment which was due on May 1, 1921, effected a cancellation of the entire note and relieved them from all obligation to pay it or any part of it.

At the trial before his Honor, Judge Sease, the plaintiff offered the note in evidence, and rested. The answer admitted that the installment which was due on May 1, 1921, had not been paid. There was, therefore, nothing more for the plaintiff to prove. The attorney for the defendants then moved for a nonsuit substantially upon the ground taken in the answer above referred to.

The Circuit Judge sustained this contention, holding that the default in the payment of the installment due May 1, 1921, canceled the note and the insurance. He, however, refused the motion for a nonsuit, holding, in substance, that, as the insured, up to May 1, 1921, had secured insurance for a year at the five-year term rate of $80.18, which was less than the rate for a single year would have been, the defendants should pay to the plaintiff the difference between the long-term rate and the short-term rate, which without any evidence he assumed to be $15.00. Of his own motion, therefore, he directed a verdict in favor of the plaintiff for $15.00 plus $3.75 attorney's fee, total $18.75.

From the judgment entered upon this verdict (I assume),

the plaintiff has appealed upon exceptions which fairly raise the points hereafter considered. The appeal should be determined upon a review of the construction placed upon the contract evidenced by the note sued upon by the Circuit Judge. In that construction set forth above I think that he was· in error.

The matter is absolutely concluded by the case of *Continental Insurance Co. v. Boykin,* 25 S. C., 323. *Continental Insurance Co. v. Hoffman,* 25 S. C., 327. *Security Co. v. Etheredge,* 109 S. C., 32; 95 S. E., 109. *Robinson v. Insurance Co.,* 51 Ark., 441; 11 S. W., 686; 4 L. R. A., 251. *Insurance Co. v. Coleman,* 6 Dak., 458; 43 N. W., 693; 6 L. R. A., 87. *Insurance Co. v. Buckley,* 83 Pa., 293; 24 Am. Rep., 172, cited by Acting Justice Ramage, which under practically similar contracts, sustain the right of the insurance company to recover the full amount of the note. The other defenses set up by the answer have not been considered, and are, of course, open to the defendants.· See *Insurance Co.· v. Young,* 132 S. C., 34; 129 S. E , 129.

MESSRS. ACTING ASSOCIATE JUSTICES J. H. MARION and R. O. PURDY concur.