## THE AMERICAN INSURANCE CO. v. HENLEY.

INSURANCE.—*Application and Policy.—Instalment Note.— Voidable Contract.— Option of Company.—Presumption.*—An applicant to a fire insurance company, for a policy of insurance for a certain number of years, paid the first year's premium in cash, and executed to the company an annual instalment note for the remaining premiums, which was attached to a written application, also executed by him, containing a stipulation, that, if any instalment should remain unpaid for thirty days after its maturity, " then the policy issued upon the application in consideration of such instalment shall be null and void until the same is paid." The company subsequently issued, and the applicant accepted, a policy of insurance for such period, containing a stipulation, that, where an instalment note was executed in consideration of the policy, it was agreed between the parties, that it should be considered a payment, if paid at or before maturity, that, if any loss should accrue to the property insured while any matured instalment remained unpaid, the policy should be void, and that, on payment of all matured instalments, the liability of the company should " again attach " and " the policy be in force," unless rendered " void and inoperative from some other cause;" and that the policy was made and accepted upon such conditions, and that the charter and by-

laws of the company should be resorted to and used to explain the rights and obligations of the parties in all cases not otherwise specially provided for in the policy, and that the same were parts thereof. The charter in such case was the law under which the company was incorporated.

*Held,* in an action on such note, for an instalment due and unpaid, that the policy accords with the application, and that the applicant is presumed to have taken notice of the provisions of the charter.

*Held,* also, that, on failure by the defendant to pay any matured instalment, the policy became, not void, but voidable, at the option, not of the defendant, but of the plaintiff.

*Held,* also, that, had a loss occurred during the time a matured instalment remained unpaid, the company would not have been liable.

*Held,* also, that such note was based upon a sufficient consideration, and, at the option of the company, payment thereof may be enforced, and that, on collecting the same, the policy would again be in force.

From the Wayne Circuit Court.

*T. J. Study,* for appellant.

*J. B. Morris* and *C. B. Walker,* for appellee.

PERKINS, J.—Suit by the appellant, against the appellee, upon a promissory note, which we copy: "For value received on policy No. 81,130, dated the 9th day of March, 1872, issued by the American Insurance Company of Chicago, Illinois, I promise to pay said company the sum of seven dollars and fifty cents òn the 1st day of March, 1873, and seven dollars and fifty cents on the 1st day of March, 1874, and seven dollars and fifty cents on the 1st day of March, 1875, and seven dollars and fifty cents on the 1st day of March, 1876, without interest.

"JOHN HENLEY."

The defendant answered, admitting the execution of the note, but averring that he is not liable on said note, because "said note was given for insurance of the property hereinafter mentioned; the amount of each instalment of said note is the premium charged by the plaintiff for the year succeeding the date at which the instalment is to become due by the terms of the note; that, at the time defendant signed said note, it was attached to an application for insurance with the plaintiff; that said application contained an agreement, that, if any instalment upon the

premiums shall remain due and unpaid thirty days, then the policy issued upon the application, in consideration of such instalment, shall be null and void until the same is paid; that said application was signed at the same time the said note was signed, and was an application for the insurance for which the note was given, and was a part of the contract for said insurance, a copy of which application is filed herewith and made a part hereof."

This application is addressed to the American Insurance Company of Chicago, asks for insurance upon the property therein described, in the sum of fifteen hundred dollars, and concludes thus: "The foregoing is a correct description of the property to be insured, on which the insurance will be predicated. If any instalment upon the premium shall remain due and unpaid thirty days, then the policy issued upon the application, in consideration of such instalment, shall be null and void until the same is paid.                     JOHN HENLEY, applicant."

Defendant further says, that afterward the plaintiff issued to defendant, on said application, a policy of insurance, and defendant received said policy by mail, sometime after he had signed said note and application, and after he had paid the cash premium for the year 1872, and had not seen said policy until he received the same as aforesaid, and was not acquainted with its provisions in reference to the charter of plaintiff, which policy, among other things, contained a condition, that the plaintiff shall not be liable for loss, if default shall have been made by the assured in the payment of any instalment of premiums due upon the note aforesaid, or in case of the assignment of the policy upon the instalment note of the assignee, for the space of thirty days after such instalment shall become due by the terms of said note; and said policy contains the further condition, that, when a promissory note is given by the assured, for the cash premium, it shall be considered a payment, provided such note is paid at or before maturity, but it is expressly un-

derstood and agreed, by and between the parties hereto, that, should any loss or damage occur to the property hereby insured, and the note given for the cash premium, or any part thereof, remains unpaid and past due at the time of such loss or damage, then this policy shall be void. The policy is made an exhibit, and it contains this further provision: "That, on payment by the assured or assigns of all instalments of premiums due under this policy and the instalment note given thereon, the liability of this company on this policy shall again attach, and this policy be in force from and after such payment, unless this policy shall be void and inoperative from some other cause."

Defendant further says, that, long before the commencement of this suit—when the first instalment of the said note fell due—defendant made default of payment of said instalment, in pursuance of the terms of the contract between plaintiff and defendant, as stated in the application and policy, and then, at that time, elected to discontinue his insurance with plaintiff, and notified plaintiff thereof; that the instalments of said note were the premium charged by the plaintiff for each year, beginning on the 9th day of March, 1873, and ending on the 9th day of March, 1877, respectively, being seven dollars and fifty cents for each year, and that the premium for 1872 was paid by defendant, cash in advance, March 9th, 1872. Wherefore, etc.

To this answer a demurrer was overruled, and exception entered.

The plaintiff replied, that it is a corporation, organized and incorporated under, and in pursuance of, an act of the General Assembly of the State of Illinois, approved February 15th, 1855, and the several acts amendatory thereof, enacted by said General Assembly, copies of all which acts are filed herewith and made part hereof, and which constitute the charter of said insurance company, which charter is made a part of said insurance policy, thus:

"This policy is made and accepted upon the above

expressed conditions, and the charter and by-laws of this company, which are to be resorted to and used to explain the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for, and which are hereby made a part of this policy."

And the plaintiff avers, that said defendant made application to her at Chicago, whither she had, under an amendment to her charter, removed her principal office, for a policy of insurance in the sum of one thousand five hundred dollars, extending over a period of five years, on the property described, which application was accepted by the company, the policy issued, etc., as described in the answer; that the defendant at the time executed the note sued on to secure the different instalments, as described in said note; that the payment of said instalments, as they should become due, was the consideration on which said policy of insurance issued. And the plaintiff avers, that the defendant failed to pay said instalments and the interest thereon; that they remain due and unpaid; that said insured property has not been destroyed, etc.; that, on default of payment of said instalments, severally, notice thereof was given to the defendant, by the plaintiff, as required by the charter of the company, whereby all of said instalments became due after thirty days, etc. Wherefore the plaintiff demands judgment, etc.

A demurrer to this reply was sustained, and final judgment rendered for the defendant.

The assignment of errors alleges, that the circuit court erred:

1. In overruling the demurrer to the answer; and,

2. In sustaining the demurrer to the reply.

This was a suit by the insurance company, against the assured, on his premium note.

The answer seems to set up two grounds of defence:

1. That the policy of insurance is variant, in its terms, from the application; and,

2. That it became utterly void, as to all parties, on the

default of the assured in paying an instalment of the premium secured by the note sued on.

The policy was issued to the plaintiff soon after the 9th of March, 1872, and this suit was commenced upon the premium note, June 9th, 1876. During all this time no objection appears to have been made on the ground that the policy varied from the contract pursuant to which it issued, and it is not claimed that it is not in accordance with the charter of the company, of the provisions of which the assured would be presumed to have notice, and which are expressly made part of the policy. There is nothing in this point. The assured did not put his refusal to pay instalments due, upon this ground.

The policy accords with the application, and neither nor both make the policy void on the failure of the assured to pay an instalment of the premium note, but only voidable at the option of the insurance company.

It is no part of the contract that the assured may, at any time, absolve himself from the contract by voluntarily breaking it. This is plain from the terms of the application and policy, both of which declare that the policy shall be void during the continuance of such non-payment, clearly implying, what the policy expressly asserts, that its operation shall be restored whenever such payment shall be made. Now, if it became absolutely void—forfeited—by the simple fact of non-payment, the subsequent payment could not continue its existence and operation. The word " void" is frequently carelessly used for " voidable," as the meaning of the sentences or contracts in which it is used clearly show.

The sense of this part of the policy, then, might be expressed thus : that, during the continuance of a default of the assured in making payment of an instalment of the premium note, the policy should be voidable, and may be avoided, at the option of the company ; and, had a loss occurred to the assured, during such default, whereupon he had proceeded to sue the company upon the pol-

icy for the loss, the company would, no doubt, have defeated his recovery by setting up his default, and electing to avoid the policy. But the question here is, not whether the assured, being in default, could recover from the company upon a loss, but whether the company, not being in default, can recover from the assured, who is, on his premium note.

If the stipulation in the policy had been such as rendered the contract utterly void, it is not necessary for us to say what might have been its effect on the right of the company to sue. The policy is not void, but simply voidable by the company, and the premium note is not void, nor voidable by the assured, the maker thereof. He retains his policy; the company retains her note against him. By the terms of the policy, if he pays the note without suit, such payment will restore the suspended animation of the policy. If he pays it at the end of an execution, the payment will have the same effect. We are satisfied the company may maintain this suit upon the note. The note was given upon a valid and continuing consideration. The contract upon which it was given has not been forfeited, is not void; the company has the possession of, and the property in, the note. She may maintain suit upon it; thereby, if she collects it, renewing her liability on the policy. This is not a case of alienation of the property insured, but simply a failure to pay an instalment due on a premium note. Alienation, as a general rule, invalidates a policy, whether it is so provided in the policy or not, because it terminates all interest of the assured therein; whereupon the policy becomes inoperative, and ceases to have any validity as an indemnifying contract. Wood Fire Insurance, 537. Such is not the effect of the failure, on the part of the assured, to pay his premium note. The court erred in overruling the demurrer to the answer.

The judgment is reversed, with costs; cause remanded for further proceedings, in accordance with this opinion.