———o———

CHARLES S. YOST v. THE AMERICAN INSURANCE CO.

*Insurance—Installment notes.*

A note cannot be enforced that is payable by installments in advance and is given for the premium on an insurance policy that is to be wholly void during any period of default in payment, but revives on payment of the installment.

Error to Wayne. Submitted Oct. 18. Decided Oct. 31.

ASSUMPSIT. Defendant brings error.

*Moore & Moore* for plaintiff in error.

*Crofoot & Kudner* for defendant in error. Suspension of an insurance policy during default in the payment of the premium is a reasonable and valid provision and does not discharge the liability on a note given for the

amount of the premium, *Amer. Ins. Co. v. Klink*, 65 Mo., 78; *Amer. Ins. Co. v. Henley*, 60 Ind., 515.

MARSTON, J. ' Suit was brought to recover the amount claimed to be due March 1st, 1877, upon an installment note given February 17th, 1875, by Yost to the insurance company for a policy of insurance issued on that day. Judgment was recovered upon the note by the insurance company in justice's court which, upon *certiorari* to the circuit, was affirmed. The case comes here upon error.

The facts were agreed upon, and are as follows:

*First.* The plaintiff is an insurance company, organized under the laws of the State of Illinois, and now existing and doing business in that State.

*Second.* In 1870 this company came into the State of Michigan and duly received .certificates of authority to do business in this State, which were renewed from year to year, the last being issued in 1876.

On the 14th day of February, 1876, the Commissioner of Insurance cancelled said certificate and revoked the authority of said company to do business in this State, from which time the company have not had any authority, and still have no authority, to do business in this State, and no policies have been issued since the time of said cancellation.

*Third:* Said defendant Charles S. Yost is a resident of the township of Huron, Wayne county, Michigan, and has resided there continually for more than ten years last past.

*Fourth.* On February 17th, 1875, one Peter Lewis, one of plaintiff's agents, called upon said defendant at his said residence and solicited him to insure with the plaintiff, and it was finally then and there contracted and agreed by and between said plaintiff, acting by its said agent, and said Yost, as follows:

The company by a policy of insurance in the usual form, insured certain building of the said Yost in the sum of $300 for five years from that date. It was provided among other things in the policy that in case said Yost should fail to pay the installments mentioned in the hereinafter described note within thirty days after the same should become due, then said policy should be void during the continuance of such default, but upon payment of the amount due upon said note the policy should revive and be again in full force.

And in consideration of said insurance, said Yost paid

the said company $1.50 in cash, and gave them his note for the payment of the balance of the premium, as the same should become due, a copy of which note is hereto annexed, marked exhibit "A," and made a part hereof.

*Fifth.* Defendant regularly paid the installments due on said note up to February 14th, 1876, since which time no payments have been made thereon.

EXHIBIT "A."

"For value received in policy 199,347, dated the 17th day of February, 1875, issued by the American Insurance Company, Chicago, Illinois, I promise to pay said company the sum of one dollar and fifty cents on the first day of March, 1876, and one dollar and fifty cents on the first day of March, 1877, and one dollar and fifty cents on the first day of March, 1878, and one dollar and fifty cents on the first day of March, 1879, without interest and without any relief whatever from valuation or appraisement laws.

CHARLES S. YOST."

The policy of insurance, and the note upon which this action was brought, constituted but one transaction, and must therefore be considered together. The promise or agreement made by the insurance company was contained or set forth in the policy, while that of Yost appeared in the note.

The agreement in the policy as to the time it should continue in force and be operative, was materially different from that usually found in time policies. Whether this policy contained the usual clause, giving the company the right to cancel it upon notice at any time on returning the unearned premium, or not, does not appear, nor is it material in this case. The policy when first issued was not an unconditional five years policy,—one which would remain in force for that length of time unless sooner cancelled on account of some change in the situation of the property, or otherwise. At the expiration of the first year, or within thirty days thereafter, according to its express terms, it became void, ceased to have any force or validity whatever:—not for a day, a month or a year, but indefinitely,—for all time. At the expiration of the period mentioned, without any act of either party, by force alone of its own provisions, it

became void. In case of a destruction by fire of the property described therein, thereafter, the company would be under no obligation, legal or equitable, to pay the amount or any part thereof, nor could they under such circumstances call upon the insured for installments accruing or becoming due on his note thereafter.

The insured, however, after the policy should become void, had the right to step in, pay another installment upon this note, and thus revive and bring again into full force the policy, not however for the unexpired portion of the five years, nor even for one year from the date of such payment, but for the unexpired portion of the year for which such payment constituted the premium. So this policy might each returning year come to an end, its term of existence expire, subject however, at some uncertain future period, to again spring into life for a short time upon the happening of a contingency.

What then is the fair construction of these instruments? Was it an absolute insurance of the property for five years from the date of the policy? Clearly not. It was an absolute insurance for but one year, with the right of the insured to have it kept in force from year to year, in all not exceeding five years, by paying an annual premium thereon. The contract, thirty days after the expiration of each year, unless the premium was sooner paid, terminated, and it required a positive act of at least one of the parties to keep it in force after that date. Had it by its terms declared that upon non-payment of an installment or of the annual premium, it should become void at the option of the company, during the default, it would perhaps be somewhat different, but such is not this case.

It is certain but for one year; beyond that it is uncertain and contingent. It is an insurance of the property for one year, which may be continued and kept in force from year to year thereafter, on paying an annual premium, not exceeding in all a period of five years from the date thereof.

The action in this case was commenced some seven months or upwards after the time it is claimed the installment was due and payable. During all that time there can be no doubt but that the company would not have been liable in case of a loss.

Assuming what perhaps might admit of doubt, that the commencement of the action would operate as a revivor of the policy, it would then remain in force for the unexpired portion of that year, and thirty days thereafter, but no longer, unless the next installment was paid.

Under such circumstances the company would recover the full installment with interest thereon, being the full premium (with interest thereon) for one year, yet the insured during the same period would have had but six months protection. Let us carry it farther. Suppose the company had not commenced this action until eleven months and twenty-nine days after the installment became due. The right to recover would be the same; the recovery would be for the full amount, with interest for the delay; yet during the entire period of default there was no corresponding risk, as the policy by its terms was void.

Why, indeed, could not the company wait until all the installments become due, then sue for and recover the amount thereof, with interest, and thus avoid all risk, as during the entire default the policy would have been void?

If it can maintain this action, I see no reason why it could not the other. Such clearly could not have been the intention of the parties.

The company declared by its policy what the effect of a default should be. It also gave the insured the right to come in and have the policy revived, and in my opinion it has no other remedy. It is optional with the insured to pay or not. If the installments as they became due were for *earned* premiums, the case would be very different; but they are not. This contract does

not contemplate that the insurance company shall have any redress for a failure by Yost to pay installments, beyond that expressed in the policy, viz.: that "said policy should be void during the continuance of such default." *Clark v. Babcock*, 23 Mich., 167; *Friedland v. McNeil*, 33 Mich., 43.

This policy, so far as appears by the record, did not, like that of *Williams v. Ins. Co.*, 19 Mich., 462, contain an express stipulation that ",in case the notes or obligations given for the premium, or any part thereof, be not paid at maturity, the full amount of premium shall be considered as earned," and the policy void during the default. I am unwilling, therefore, to incorporate a clause of like effect by permitting the company to collect the premiums at its option while avoiding all risk, as such would be the effect if its right to recover is conceded.

The judgments of the circuit and justice's courts must be reversed with costs.

The other Justices concurred.