LOUIS CAUFFIELD AND ELIZABETH CAUFFIELD v. CONTINENTAL INSURANCE COMPANY.

*Insurance—Instalment notes—Default in payments.*

An insurance policy purporting to be for five years stipulated that the company might at any time cancel it on returning the unexpired premium *pro rata*, and permitting the assured to have it cancelled on paying the customary short rate for the period expired; it also provided that in case of loss the company might deduct any note or instalment thereof given as a consideration for the policy. An instalment note given on the policy provided that in case of the non-payment of any instalment at maturity, the policy should be void until revived, and the whole amount of instalments remaining unpaid on said policy should be considered earned. *Held*, that these provisions distinguished the policy from one under which there was no absolute insurance for the whole period for which it was taken.

Error to Branch. Submitted Jan. 5. Decided Jan. 18.

ASSUMPSIT. Defendants bring error. Affirmed.

*Andrew J. McGowan* for plaintiffs in error.

*Loveridge & Barlow* for defendants in error.

MARSTON, J. The plaintiff in error insists that this case resembles and is governed by *American Ins. Co. v. Stoy* 41

Mich. 385, while the defendant relies upon *Williams v. Albany City Ins. Co.* 19 Mich. 451, in support of the judgment recovered in the court below.

We have very carefully examined this case and those referred to and are of opinion that the present more closely resembles and is governed by the case in 19 Mich. The application in this case is "for the term of five years from the first day of March, 1878," and there is nothing therein tending in any way to change or modify this clause or inconsistent therewith.

The instalment note given provides that in case of the non-payment of any of the instalments at maturity, the policy for which this note was given shall cease and be void until revived, etc., and the whole amount of instalments remaining unpaid on said policy shall be considered as earned.

The policy contains a clause that the company may at any time cancel the policy, returning the unexpired premium *pro rata*, and that the assured may at any time have the policy cancelled by paying the customary short rates for the expired time of full term; and farther provides that in case of any loss thereunder the company may deduct any note or instalment thereof given as a consideration for the policy. I do not refer to the other provisions which speak of the policy as being one for five years, as they are but like those in the case first above referred to. The above provisions however are unlike the provisions contained in the American Insurance Company's policy, note and application, and which had a controlling effect in determining that the insurance in that case was not one unconditional for five years. The distinctions are apparent and need not be specifically pointed out.

Judgment affirmed with costs.

The other Justices concurred.