ST. PAUL F. & M. INS. CO., Appellant, *v.* COLEMAN, Respondent.

1. Insurance — Premium Note — Liability.

> An insurance note contained a provision " that in case of default in the payment of any of the installments herein, the whole amount remaining unpaid on the note shall immediately become due and payable." The application and policy were " for the period of five years," and provided that, "if any payment on the note given for premium hereon be not paid when due, the policy shall be void until the same is made, when it is to again attach." The assured made default in the payment of the first installment and the company brought an action on the note for the entire amount. *Held,* it could recover, and that assured was not entitled to a deduction for the alleged unearned premium maturing after the default.

2. Jurisdiction — Costs, Right to.

> Section 5191, Comp. Laws, allows costs of course to the plaintiff in an action for money where he recovers $50. It also allows costs to the defendant in such an action unless the plaintiff is entitled to them. *Held,* the effect of the section is not to limit the jurisdiction of the district courts and thereby be in conflict with the organic act, § 1866, Rev. St. U. S., conferring chancery and common law jurisdiction upon these courts. A party may bring such action in the district court, but if he recovers less than $50 he will not be entitled to costs.

(Argued May 20, 1889; reversed May 31; opinion filed October 10, 1889.)

APPEAL from the district court, Stutsman county; RODERICK ROSE, Judge.

*C. E. Joslin*, for appellant.

The application was for insurance for five years. It complied with section 1518, sub. 6, C. C. See, also, § 934; Chrisman v. State Ins. Co., 18 Pac. Rep. 466. The insured agreed that all payments should become due and payable immediately if any of them were not promptly met. There was no option given to the insured to discontinue the insurance, except by the clause providing that the insurer may cancel the policy by returning the unexpired premium *pro rata* — the insured, by paying all premium due at customary short rates. Respondent is not entitled to a return of the premium under section 1543, C. C. It cannot be said that the insurer never incurred any liability. The only way the company could be released was to cancel the policy and return the unexpired premium. The only way the insured could release himself was to have the policy canceled by paying the short rates and thus get a return of his note and a release from the payment of such part thereof as was not earned.

This is not a question as to the right of the insured to recover for a loss occurring while he is in default; it is whether the company, which is not in default, can recover on this note with its particular provisions. That it can, see American Ins. Co. v. Klink, 65 Mo. 78; American Ins. Co. v. Henly, 60 Ind. 515; American Ins. Co. v. Charles, 62 id. 210; American Ins. Co. v. Elliott, id. 211; Williams v. Albany City Ins. Co., 19 Mich. 451; Cauffield v. Continental Ins. Co., 11 N. W. Rep. 264; Blackerby v. Continental Ins. Co., 83 Ky. 574; 36 N. Y. 157; 42 Ia. 239; 44 id. 240; 24 id. 239.

There are two cases in Michigan which appear to hold that a contract of insurance, similar in many respects to this, is a contract for one year; but in neither of those cases did default in the payment of one installment render the others earned, or due and payable. American Ins. Co. v. Story, 1 N. W. Rep. 877; Yost v. American Ins. Co., 39 Mich. 531. See, also, Matthews v. American Ins. Co., 40 Ohio St. 137.

The court erred in denying appellant costs and awarding them

to the respondent. The organic act confers on these courts jurisdiction for the purposes of hearing and determining all matters except those in which the United States was a party. § 1874; St. Paul Fire & M. Ins. Co. v. Hanson, 28 N. W. Rep. 193.

If section 381, C. C. Pro., denies costs in one case, and gives them in another where the court has jurisdiction, it is to that extent contrary to the organic act and void. The legislature cannot, in the face of section 1874, giving the district court jurisdiction in all amounts, confer on justices of the peace exclusive jurisdiction in any sum. If it cannot confer exclusive jurisdiction on justices directly it cannot do so indirectly by imposing a penalty upon the litigant, who chooses to bring his action in the district court, by denying him costs where the amount recovered is below a certain sum. § 379 ; Hepworth v. Gardner, 11 Pac. Rep. 566.

*Nickens & Baldwin, McMillan & Frye* and *S. L. Glaspell,* for respondent.

The policy was yearly on the installment plan for five years. Am. Ins. Co. v. Stoy, 1 N. W. Rep. 878 ; Yost v. Am. Ins. Co., 39 Mich. 531.

The policy being suspended after default the company was under no liability. There was from that time a failure of consideration. C. C., § 1544; Smith v. St. Paul Fire & M. Ins. Co., 3 Dak. 80 ; Mathews v. Insurance Co., 40 Ohio St. 135 ; Am. Ins. Co. v. Stoy, *supra ;* Yost v. Am. Ins. Co., *supra ;* Joliffe v. Madison Mutual Ins. Co., 39 Wis. 111; Union Mutual Ins. Co. v. McMillen, 24 Ohio St. 82.

The whole premium had not been earned when the company's liability ceased. Smith v. St. Paul F. & M. Ins. Co., *supra ;* Mathews v. Insurance Co., *supra ;* Joliffe v. Madison Mutual Ins. Co., *supra.*

The appellant recovering less than $50 the respondent was entitled to costs. Comp. L., § 5191, subd. 4. The organic act is silent as to costs. At common law they were not allowed, and are awarded by virtue of statute alone. Gibson v. Memphis, 31 Fed. Rep. 553. The section was designed to discourage, not prohibit the bringing of petty suits in the district court. It does not interfere with the jurisdiction either directly or indirectly. Sections

5186, 5189, 5191, when construed together, show that " costs are to be allowed to the prevailing party " if he recovers $50 or more, and not otherwise.   Landsberger v. The Magnetic T. Co., 8 Abb. Pr. 35.   To deprive a suitor of costs does not impair the jurisdiction of the court.   Busby v. Carpenter (Wash.), 3 Pac. Rep. 193 ; Cressy v. Gierman, 7 Minn. 398; Agin v. Heyward, 6 id. 110 ; Cartner v. Chandler, 2 id. 86.

CROFOOT, J.   The plaintiff brings this action to recover on an installment note, given by the defendant for insurance premium. The note is dated May 27, 1884, and contains the promise to pay plaintiff $8.40 on the first day of July of each of the years 1885, 1886, 1887 and 1888, and also contains the following clause : " This note being given as consideration for insurance under the above-named policy, I consent that, in case of default in the payment of any of the installments named herein, the whole amount remaining unpaid on this note shall immediately become due and payable."

The application for insurance is in writing, signed by the defendant, and is headed ,  "Application of T. W. Coleman * * * for insurance against loss by fire and lightning   *   *   *   for the term of 5 yrs. from the day of approval of this application by the general agent of the company."

The application contains an express agreement that " if any payment on the note given for premium hereon be not paid when due, the policy shall be void until the same is made, when it is to again attach."

The policy shows that it is issued in consideration of $8.40, and the installment note sued on, and insures defendant's property from the 29th day of May, 1884, at twelve o'clock at noon, to the 29th day of May, 1889, at twelve o'clock at noon.   The policy contains this provision :   " It is expressly agreed that this company shall not be liable under this policy for any loss or damage if any default shall have been made in the payment of any note, or installment of any note in full, given in payment or part payment of premiums under this policy ; provided, however, that on the payment by the assured, or his assigns, of all such notes, or installment of any such note in full, the liability of the company

under this policy shall again attach, and the policy shall thereafter be enforced, unless the same shall be inoperative or void from some other cause ; but in no event shall this company be liable for any loss or damage happening during the continuance of such default of payment." It also provides : "This company may at any time cancel this policy, returning the unexpired premium *pro rata*. The assured may at any time have this policy canceled by paying all premiums due therefor, at customary short rates, for the time the policy has been issued."

The defendant contends that, by the terms of the policy, the plaintiff was under no liability after July 1, 1885, at which time, without fraud on his part, the defendant made default in the payment of the installment due at that time, and that the whole premium has not been earned, but only a *pro rata* portion of it. To support this position, the defendant relies upon the following authorities: Yost v. Insurance Co., 39 Mich. 531 ; Insurance Co. v. Stoy, 1 N. W. Rep. 877 ; Matthews v. Insurance Co., 40 Ohio St. 135 ; Joliffe v. Insurance Co., 39 Wis. 111 ; Smith v. Insurance Co., 3 Dak. 80, 13 N. W. Rep. 355.

The first three cases cited are the only ones that pass directly upon the right of the insurer to collect a premium installmente where, by the terms of the contract, the policy is void during the continuance of default in the payment of any installment.

The contracts considered in these cases were all made with the same company, and are identical. There was no provision in the note, policy, or application that, if default should be made in the payment of any installment, the whole note should immediately become due, or the whole premium should be considered as earned. The policy, however, contained a clause that the charter of the company was to be resorted to and used to explain the rights and obligations of the parties thereto, in all cases not therein otherwise specially provided for ; and the charter provided that, on non-payment of any installment, the whole note should immediately become due.

In Yost v. Insurance Co., *supra*, suit was brought to recover past-due installments, and a statement of facts was agreed upon, which contained only the note and the policy, but not the charter. The court, in construing the contract, held it to be an absolute insur-

ance for one year only, which might be continued and kept in force from year to year thereafter, for a period of five years, by paying an annual premium; that the company had declared, by its policy, what the effect of a default should be; that it gave the insured the right to come in and have the policy revived, and it was optional with the insured to pay or not. In conclusion, the court expressly distinguishes it from the case of Williams v. Insurance Co., 19 Mich. 462, by the absence of an express stipulation that "in case the notes or obligation given for the premium, or any part thereof, be not paid at maturity, the full amount of premium shall be considered as earned," and the policy void during default.

In Insurance Co. v. Stoy, *supra*, the question again came before the supreme court of Michigan upon the claim that new and important facts were presented by the record which distinguished it from Yost v. Insurance Co., *supra*, and brought it within the decision in Williams v. Insurance Co., *supra*.

The new and important facts referred to were the provision of the charter of the company that, if default should be made in the payment of any installment, the whole note should immediately become due; and the clause in the policy, above cited, referring to the charter. The court held, however, that the charter did not form a part of the contract; that the rights and obligations of both parties, so far as was in issue in that case, were fully and expressly provided for in their agreement; and that the provision of the charter could neither enlarge, vary, nor change the written obligation; and that to so hold would be to permit an instrument, not seen and inspected, to change, in important matters, by mere reference thereto, the deliberate agreement which the parties had entered into. In an elaborate opinion, the court adhered to its former construction of the contract as an insurance from year to year, and after citing other reasons against the plaintiff, relative to its right to do business in the state, affirmed its former decision.

In Matthews v. Insurance Co., 40 Ohio St. 135, it was held, principally on the authority of the Michigan cases, but by a divided court, that the charter did not form a part of the contract; and, there being no express provision to the contrary, when the insurance ceased the premium ceased to accrue.

What conclusion these courts would have reached had the stipulation in the charter been embraced in the note, as in the case now before us, it is of course impossible to say. That they regarded as important a clause giving the company the right to the premium, notwithstanding the policy was void during default, is evident from the care with which they distinguish the case of Williams v. Insurance Co.; and when the question again came before the supreme court of Michigan, in Cauffield v. Insurance Co., 11 N: W. Rep. 264, upon a note providing that, in case of non-payment of any one of the installments at maturity, the whole amount of installments remaining unpaid should be considered as earned, the company was allowed to recover. That they would have reached a different conclusion seems probable, not only from the language used, but also from the fact that in Insurance Co. v. Klink, 65. Mo. 78, and Insurance Co. v. Henley, 60 Ind. 515, in construing the same contract, the provision in the charter above referred to being held by the courts of Indiana and Missouri to be a part of the agreement, it was held that the plaintiff was entitled to recover, notwithstanding the company had been released from liability during the default.

The other cases cited by defendant's counsel only involve the question of waiver, where the company had accepted payment of a past-due note, with notice of a loss.

It seems to us that the construction of this contract is very plain, and we are unable to construe it to be other than a contract of insurance for five years, as every clause seems to indicate such. intention. The defendant applied for insurance for five years. The plaintiff gave an installment note, which contained a provision that, in case default was made in the payment of any installment, the whole note (which presumably represented four years' premium) should immediately become due. The policy, upon its face, insures the property for five years, from a day certain to a day certain, on condition that the company should not be liable during default in the payment of any installment of the premium. The insured had the right to have the policy canceled upon paying the premium due thereon, at customary short rates. To hold it to be a policy from year to year would not only be doing violence to the plain language in which the parties have expressed

their intention, but it would also lead to the absurd conclusion that, while the insured had the option to renew the insurance each year by paying an annual premium, still, if he failed to do so, the premium for the remaining years would immediately become due, and, when collected, the insurance would be revived for the whole term, whether he desired to exercise his option or not.

There is nothing unfair or unreasonable in the stipulation that the company shall not be liable for loss during default in the payment of the premium; and there is nothing contrary to public policy, or prohibited by statute, in the agreement that, although the insurer is relieved from liability by default, the premium note of the assured remains binding upon him. Neither is there any thing particularly harsh in such a contract, since the insured, if he finds himself unable to continue his payments, can at any time have the policy canceled by paying the premium due at customary short rates. The parties have the right to make their own contract, and fix its terms and conditions; and such a contract has frequently been upheld by the courts. Williams v. Insurance Co., 19 Mich. 462; Blackerby v. Insurance Co., 83 Ky. 574; Wall v. Insurance Co., 36 N. Y. 157; Cauffield v. Insurance Co., 11 N. W. Rep. 264.

But the defendant further claims that he is entitled to a reduction of the amount recoverable by the terms of the note, by the principles which apply to the return of premiums, claiming that "risk and premium go hand in hand, and, one ceasing, the other also ceases." This is not by any means true. If the premium had been paid, and the risk incurred, for any period, no matter how short, no breach of a subsequent condition for which the assured was responsible would entitle him to a return of any of the premium, although the company thereby ceased to be liable. The law relating to the return of premiums is clearly laid down in our Civil Code, §§ 1542–1544, and we are not aware that it differs materially from the general law of insurance elsewhere. Section 1542: "A person insured is entitled to a return of premium, as follows: (1) To the whole premium, if no part of his interest in the thing insured be exposed to any of the perils insured against; (2) where the insurance is made for a definite

period of time, and the insured surrenders his policy, to such proportion of the premium as corresponds to the unexpired time, after deducting from the whole premium any claim for loss or damage under the policy which has previously accrued."

Section 1543 : " A person insured is entitled to a return of the premium when the contract is voidable on account of the fraud or misrepresentation of the insurer, or on account of facts of the existence of which the insured was ignorant without his fault; or when, by any default of the insured, other than actual fraud, the insurer never incurred any liability under the policy."

Section 1544 : " If a peril insured against has existed, and the insurer has been liable for any period, however short, the insured is not entitled to return of premiums, so far as that particular risk is concerned."

We cannot see how section 1544, which is particularly referred to by defendant's counsel, in any way sustains his position. The words, " so far as that particular risk is concerned," do not refer to the time in which the subject is exposed to the peril; but where a premium is applicable to risks on two or more distinct subjects of insurance, and no risk has ever been incurred upon one subject, the proportionate premium may be recovered. This is evident, not only from the reading of the previous sections, but from the history of the legislation which led to the adoption in the Code states of section 1542. This section, as originally adopted in California, read : "A person insured is entitled to a return of premium paid, or a ratable proportion thereof, if no part of his interest in the thing insured is exposed to any of the perils insured against, or where the insurance is made for a definite period of time, if it is not exposed to such peril for the whole of that time."

In proposing as an amendment the language of section 1542, the Code examiners said : " The present section does not conform to the general rule and the law elsewhere, and is manifestly unjust. Under it, the insured, meeting with a loss in the first month of a policy for a year, could recover not only the loss but eleven-twelfths of the premium, thus depriving the insurer of that proportion of the consideration for which he assumed the risk."

If the defendant had sustained a loss during the first year, the

premium for which had been paid in cash, he would have been liable on his note, because the peril had existed, the insurer had been liable, and the event insured against, in consideration of the entire premium, had happened.

This being an insurance for five years, and the risk having attached, the insured is not entitled to any reduction on his note.

As a new trial must be granted, the question in relation to costs, presented on the hearing, will again come before the trial court, and it is deemed advisable to indicate our views thereon.

The organic law gives to the district courts chancery, as well as common-law, jurisdiction, and limits the jurisdiction of justices of the peace to matters in controversy where the debt or sum claimed does not exceed $100. It also provides that the jurisdiction of these courts shall be limited by law. This court, in Insurance Co. v. Hanson, 28 N. W. Rep. 193, held that, under the organic law and the acts of the territorial legislature, in all actions arising on contracts for the recovery of money only, where the amount claimed does not exceed $100, the district courts and justices of the peace have concurrent original jurisdiction.

Section 5191, Comp. Laws Dak., allows costs of course to the plaintiff, in an action for the recovery of money, where he recovers $50, and allows costs of course to the defendant, in such an action, unless the plaintiff is entitled to costs. It is claimed that the effect of this section is to indirectly limit the jurisdiction of the district courts to $50 by denying the plaintiff costs, and allowing the defendant costs, where the amount recovered is below that sum.

We cannot concur in this position. That the legislature had the power to limit the jurisdiction of the district court, if they had so desired, we cannot doubt, in the face of section 1866, Rev. St. U. S., expressly conferring that power. They have not done so directly, nor, in our opinion, does this section have any such effect upon the jurisdiction of the court indirectly. At the common law, costs were unknown. They are purely the creatures of statute. Eastman v. Sherry, 37 Fed. Rep. 844; Gibson v. Railroad Co., 31 id. 553.

The legislative power is expressly extended to all rightful subjects of legislation; and that the allowance or refusal of costs in

judicial proceedings is such a subject we cannot doubt. The exercise of that power in no wise affects the question of jurisdiction. If the suitor desires to present his claim, he may avail himself of either court, and jurisdiction could not be denied; but he must accept such costs as the legislature has provided for that court. Busby v. Carpenter, 3 Pac. Rep. 193. The judgment of the district court is hereby reversed, and a new trial ordered. All the justices concur, except ROSE, J., not sitting.