MINNESOTA FARMERS' MUTUAL FIRE INSURANCE ASSOCIATION *vs.*
LUDWIG OLSON.

### February 18, 1890.

Fire Insurance—Default on Premium Notes—Suspension of Policy—
Action on Notes.—A fire-insurance policy at a gross premium for the
term of five years, the insured giving two notes for the premium, con-
tained a clause that, in case of default to pay any note, the insurance
should be suspended, and the premium considered as earned, but that, on
subsequent full payment, the policy should be revived and in force as to
losses happening thereafter. *Held* that, upon a default to pay a premium
note, the insurer can recover the amount of it.

Appeal by plaintiff from an order of the district court for Polk
county, *Mills,* J., presiding, overruling its demurrer to the answer.

*E. P. Pierce* and *Wm. Watts,* for appellant.

*H. Steenerson,* for respondent.

GILFILLAN, C. J.    This is an action on two promissory notes made
by defendant to plaintiff, each for the sum of $29.57, each dated
September 22, 1882, one payable December 1, 1882, and the other
December 1, 1883.    The answer admits the execution of the notes,
and alleges, as showing a failure of consideration, that on the day
of the date of said notes the defendant made application to plaintiff
for insurance upon certain of his property.    That thereupon the
plaintiff issued its policy, whereby, in consideration of $59.14, (as
agreed to be paid by the two notes,) it insured the property in the
sum of $2,200.55 for a period of five years, to wit, from September
22, 1882, to the 22d September, 1887.    That in the policy were sev-
eral stipulations, which the answer sets forth, but only one of which
we need consider, which was as follows: "(13) It is expressly pro-
vided and agreed that, when a note (or notes) is given for insur-
ance, it shall be considered a payment, provided such note (or notes)
is paid at or before maturity; but, if any part thereof shall remain
due and unpaid after maturity, then the insurance made in consid-
eration of such note shall be suspended, and the premium considered
as earned, and the association shall not be liable for any loss hap·

pening during the continuance of such default of payment; and no attempt to collect such note, (or notes,) whether by legal process or otherwise, shall be deemed a waiver of any of the conditions of this policy, or have the effect to revive this policy; but, on full payment being made of such note, (or notes,) with interest and all costs that may have accrued, and its acceptance by the secretary, then this policy shall be in force as to losses· happening thereafter, unless void or inoperative for some other cause." That default occurred in the payment of the note which matured December 1, 1883, and that by reason thereof the insurance ceased, and was cancelled, and entirely suspended, pursuant to said provisions of the policy, from and after December 1, 1882, and has never since been in force.

In making contracts of insurance, it is competent for the parties to agree on any rate of premium that they choose. These parties might have agreed upon the $59.14 as the premium for insurance for five years, or for any part of that time; might have agreed that in consideration of said sum, or of the promise to pay it, the insurance should be absolute for a part of the term, and conditional as to the remainder. It is manifest that the defendant got just what he stipulated for as the consideration for his promises to pay. So far as affected by the provision of the policy quoted, he got unconditional insurance from September 22, 1882, to December 1, 1882; and he got also the absolute right to continuance of the insurance for the whole term upon his paying or tendering payment of each note as it fell due; and the absolute right, in case of his default to pay either note at maturity, to at any time during the five years remove the suspension, and revive the insurance, by paying or tendering payment of what should be due from him. The insurer was bound in that respect. The obligation which the insurer thus placed itself under was the consideration for the obligation assumed by defendant. There is nothing in the policy, so far as pleaded in the answer, to show the parties contemplated that the defendant could withdraw from the obligations he assumed, or that it was optional with him to perform those obligations. That part of the clause quoted, "then the insurance made in consideration of such note shall be suspended, *and the premium considered as earned*," shows the

parties intended that, notwithstanding the suspension, the right of the insurer to the premium should not be affected. The court below seems to have decided the case on the authority of *Yost* v. *American Ins. Co.*, 39 Mich. 531, and other cases similar to and following it. But this is not at all like that case. In that, the policy, as construed by the court, was not for absolute insurance for five years, but for only one year, with the right to have it kept in force from year to year, in all not exceeding five years, by paying an annual premium thereon, and that it was optional with the insured to pay or not. Here is a gross premium agreed on for insurance for the full term of five years, subject to the conditions of the policy. The same court in *Cauffield* v. *Continental Ins. Co.*, 47 Mich. 447, (11 N. W. Rep. 264,) where the policy was for five years, with a condition that, in case of non-payment of any instalment of premium, it should cease and be void until revived by payment, and the whole amount of instalments unpaid should be considered as earned, held that the company could recover on a premium note. The latter case is like this. The answer in this case did not allege a defence.

Order reversed.