THE GERMAN AMERICAN INSURANCE COMPANY, Appellant, v. FRED DIVILBISS, Respondent.

Kansas City Court of Appeals, November 23, 1896.

Bills and Notes: INSURANCE NOTE: FAILURE OF CONSIDERATION: ACTION. Where the note given for the premium on an insurance policy provides that the failure to pay the note when due suspends the policy, and the payment would *ipso facto* revive the insurance, there is no failure of consideration and an action can be maintained on the note for nonpayment. *Ins. Co. v. Geraldin*, 31 Mo. 30, distinguished.

*Appeal from the Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

REVERSED AND REMANDED (*with directions*).

*E. C. Hall* for appellant.

(1) The premium was an entirety and the policy was an entirety, running for five years from August 2,

1890, to August 2, 1895. The policy was in force and plaintiff was liable thereon until default of the defendant. Such being the case, upon the doctrine of the authorities hereafter cited, when the insurance terminates by the default of the assured, there can be no apportionment of the premium. *Ins. Co. v. Henley*, 60 Ind. 515; *Ins. Co. v. Charles*, 62 Ind. 210; *Ins. Co. v. Elliott*, 62 Ind. 211; *Cauffield v. Ins. Co.*, 47 Mich. 447; *Ins. Co. v. Coleman,*43 N. W. Rep. 693; *Robinson v. Ger. Ins. Co.*, 51 Ark. 441; 11 S. W. Rep. 686; *Ins. Co. v. Klink*, 65 Mo. 78; *William v. Ins. Co.*, 19 Mich. 451. (2) The assured had a full insurance and never paid a cent, the credit on the note being for a loss which the company thus made good on May 25, 1892, almost one year after default in the payment of the note. If the risk has once attached the premium is not to be apportioned unless by special agreement. *Baeser v. Milwaukee Mut.*, 37 Wis. 31; *Joshua Handy Works v. Ins. Co.*, 86 Cal. 248.

*F. B. Ellis* for respondent.

(1) The policy and note must be construed together. If at the time of the suit the defendant could not have recovered upon the policy should a loss have occurred, then in such case the plaintiff could not recover upon the note as the note and the policy form one and the same contract and are an entirety and must be construed together. *Palmer v. Ins. Co.*, 31 Mo. App. 467. (2) It is provided in the note and policy both that if assured failed to pay the note at maturity then the policy was void and inoperative, and in case of loss the defendant could not recover. If this is the case then there was a failure of consideration for the note, and the company was not bound by its policy. This court has repeatedly held to this doctrine. *Dicks*

*v. Ins. Co.*, 34 Mo. App. 31. (3) As the defendant failed to pay the note when it became due, consequently there was no consideration for the insurance policy, the defendant was without insurance. *Ins. Co. v. Stay*, 41 Mich. 385. (4) The payment of the premiums is the essence of the contract, and in fact is all that the company received under the contract, and a failure to pay the premium on or before the day named will void the policy. Punctuality in the payment of this policy is essential. Richards on Insurance, p. 182. If the insurance company could recover upon the note at all it could only recover for the time the defendant was insured and this amount had been settled between the parties by an adjustment. The company could only recover the *pro rata* portion of the premium and would be entitled to recover such portion only thereof as bears the same ratio to the full amount thereof as the period of the risk up to the time of the voidance of the policy bears to the entire period originally covered by the policy. *Ins. Co. v. Geraldin*, 31 Mo. 30.

SMITH, P. J.—This is a suit on a promissory note, dated August 1, 1890, for $202.50, payable one year after date. It is recited in said note that it was given in payment of premium on policy number 858,813, in the plaintiff company. It was further recited therein that if not paid at maturity, said policy shall cease and determine and be null and void, and so remain *until the same shall be fully paid and received by plaintiff, as provided in the said policy.*

The policy referred to in the note recites that in consideration of said note the plaintiff insures the defendant against loss by fire, etc., for a period of five years. It further recites that in case the assured fails to pay the premium note or any installment thereof, or order at the time specified, then this policy shall cease

to be in force, and remain null and void during the time said note or order remains unpaid after its maturity, and no legal action on the part of the company to enforce payment shall be construed as reviving the policy. The payment of the premium, however, revives the policy and makes it good for the balance of the term.

There was a trial and judgment for defendant, and plaintiff appealed.

This case is nearly an exact counterpart of that of *Robinson v. Ins. Co.*, 51 Ark. 441. The terms and provisions of the note and policy were the same as here. The insured there, as here, made default in the payment of the premium note. It seems he paid part cash and gave his note for the remainder of the premium mentioned in the policy. And there, as here, it was contended that the note was without consideration and void.

The court say that "whether this contention be well taken or not must be determined by an inspection of the policy, which is without ambiguity or uncertainty. As appears from examining it, the company agreed to insure the appellant from loss by fire for the period of five years, for the consideration of $41.50 and the note sued on, which was taken in payment until its maturity and default in paying it. By its terms it provides for one entire, indivisible period of insurance, for the consideration of one entire, indivisible premium. No part of the consideration procured the insurance for any particular portion of the time, but the entire insurance was procured by the entire consideration. The contract certainly furnishes no intimation or guide by which any part of the premium could be apportioned to any part of the term.   *   *   *   The note was part of the consideration upon which Robinson had insurance from February 1 to December 1, 1885. That it

was suspended was due to his failure to discharge his obligation.   He could have revived it at any moment. There was a valuable consideration to support it."

In *Williams v. Ins. Co.*, 19 Mich. 44, where the terms and provisions of the note and policy were similar to those now before us, it was held that the policy was not to be void in case of default in paying the note, because it was expressly stated that it could only be void while the past due note, or a part of it, was unpaid; in case of default, there was a suspension of liability which the assured could revive at any time by payment of the note.   The court expressed its inability to discover any ground on which the validity of the note could be questioned.   And the same views have been expressed by the supreme court of Indiana.   *Ins. Co. v. Henley*, 60 Ind. 515; *Ins. Co. v. Charles*, 62 Ind. 210.

The reasoning in the foregoing cases meets with the approval of our judgment, and we shall therefore adopt and follow the conclusion therein reached.

There is nothing in *Insurance Co. v. Geraldin*, 31 Mo. 31, that in the least militates against the rulings in the cases just referred to.   The policy in the latter case contained a stipulation that "in case any note or obligation given for premium on this risk shall not be paid at maturity, such failure of payment shall, at the option of the company, render the policy void."

Upon failure of the assured to pay the note at maturity, the policy was by the company declared void from that date.   The question was whether the company was entitled to the full amount of the note, or "only so much of the premium as bears the same proportion to its full amount as the diminished period of the risk does to the entire period originally covered by the policy."   It is thus seen that there is a plain and obvious distinction between that case and this.   There the action of the company under the policy put an end

to the insurance—absolutely and forever terminated it. Such action was not authorized by the policy provisions in this case. Here the payment of the note, *ipso facto*, revived the insurance, which had been only suspended by the default of the assured in making payment. Manifestly, then, the company was only entitled to a *pro rata* proportion of the premium while here it would be entitled to the whole of it.

There is nothing in any of the cases cited by defendant which affords us any warrant for upholding the judgment, which must accordingly be reversed and the cause remanded with directions to the circuit court to give judgment for the plaintiff for the amount claimed to be due on the note sued on. All concur.