HOME INS. CO. OF NEW YORK *v.* McFARLAND *et al.*

(Division A.   April 12, 1926.)

[107 So. 754.   No. 25611.]

1. INSURANCE.

   Installment note for deferred part of premium is not without consideration because policy matures all installments on default in payment of one, and suspends insurance during default.

2. INSURANCE.

   Provision of policy for suspension on default of installment on premium note, and renewal or reinstatement on payment of arrearage, is valid.

3. INSURANCE.

  Policy for term of years is not separable and divisible contract for
    each year, though note for deferred part of premium be payable
    in yearly installments.

---

*Corpus Juris-Cyc. References: Insurance, 32 C. J., p. 1160, n. 96
New; p. 1214, n. 16, 18, 19; p. 1301, n. 99; p. 1357, n. 46; (1-3) Effect of
provisions in policy of insurance for forfeiture for failure to pay install-
ment premium when due, see 14 R. C. L., p. 977; 3 R. C. L. Supp., p.
325; 5 R. C. L. Supp., p. 790.

APPEAL from circuit court of Hinds county.

HON. W. H. POTTER, Judge.

Action by the Home Insurance Company of New York
against C. E. McFarland and others. From a judgment
for less than was asked, on appeal from the justice court,
plaintiff appeals. Reversed and judgment rendered.

See, also, 107 So. 383, and preceding case in this
volume, at page 555.

*Fulton Thompson* and *R. H. & J. H. Thompson*, for
appellant.

The only question is this: *Can the makers of a prom-
issory note or other contract to pay money, by their
own default relieve themselves from their obligation to
pay?*

The supreme courts of many of the states of this
Union and the federal appellate courts have passed upon
substantially the identical questions presented by this
record; and all of them, so far as we are informed, have
decided adversely to the contentions of the appellees. The
questions now before this court have been presented to
other appellate courts in two classes of cases:

(1) In cases in which a loss had been sustained by
the insured at a time when an installment was past due
on the note given for the premium and after the loss
the insurance company had collected the past due pre-
mium or an installment thereof and was sued upon the
policy, the plaintiff in the suit claiming that the collec-

tion of the premium by the company was a waiver of its non-liability at the time of the loss. See *Jefferson Mutual Ins. Co.* v. *Murry* (Ark., 1905), 74 Ark. 507; *Williams et al* v. *The Albany City Ins. Co.* (Mich., 1870), 19 Mich. 451; *Wall* v. *Ins. Co.,* 36 N. Y. 157; *Duncan* v. *Missouri State Life Ins. Co.,* 160 Fed. 646; *Cohen* v. *The Continental Fire Ins. Co.,* (Tex., 1887), 67 Tex. 325; *Union Central Life Ins. Co.* v. *Chowning* (Tex., 1894), 8 Tex. Civ. App. 455; *Hooker* v. *Continental Ins. Co.* (Neb., 1903), 69 Nebr. 754; *Hill* v. *Farmers' Mutual Fire Ins. Co.* (Mich., 1901), 129 Mich. 141; *Sewell* v. *Continental Casualty Co.* (Miss., 1908), 92 Miss. 857. 46 So. 714; *Nimic* v. *Security Mut. Hail Ins. Co.* (Nebr., 1909), 84 Nebr. 403; *White* v. *New York Life Ins. Co.* (Mass., 1909), 200 Mass. 510; *Marshall* v. *Missouri State Life Ins. Co.* (Mo., 1910), 148 Mo. App. 669; *Phoenix Ins. Co.* v. *Bachelder* (Nebr., 1891), 32 Nebr. 490.

(2) In cases, like the one at bar wherein the insurance company sued the insured for premiums due and unpaid where losses had not been suffered. See *American Ins. Co.* v. *Klink* (Mo., 1877), 65 Mo. 78; *Robinson* v. *Ins. Co.* (Ark., 1888), 51 Ark. 441; *Minn. Farmers' Mut. Fire Ins. Ass'n.* v. *Olsen* (Minn., 1890), 43 Minn. 21; *St. Paul Fire & Marine Ins. Co.* v. *Coleman* (Dakota, 1889), 6 Dak. 458, 6 L. R. A. 87).

We ask the court to reverse the judgment of the circuit court and render a final judgment in appellant's favor. This we do because the sum due on the note, if our contentions be correct, is only a matter of mathematical calculations; and the amount to be awarded our client as an attorney's fee for services in the justice of the peace court and the circuit court is uncontradictedly shown by the evidence to be twenty-five dollars.

*Chas W. Crisler,* for appellee.

Attorneys for the appellant state that the only question in this case is whether or not the makers of a promissory note or other contract to pay money, can by their

own default, relieve themselves from their obligation to pay. We cannot see wherein this is applicable to the note herein sued on for the question was raised, and the question was determined, on the plea of the total failure of consideration to these appellees for the execution of said installment notes covering the premium for the remaining four years time.

While we admit that the weight of authority from the different courts of the various states construing the provision above referred to is decidedly against us, yet there has been no decision of this court relative to the interpretation of the provision contained in the note and policies herein sued on. There is no question whatsoever as to the non-liability of the insurance company after the suspension of the policy due to the non-payment of the premiums by the insured. Therefore, we say that the point in issue before the court as to the construction of the provision above set out is whether or not the insured, or maker of the note remains liable for the future installment after the company has elected to lapse the policy. It is, therefore, for this court to contradistinguish the cases favoring the contentions of the appellant and the case of *Yost* v. *Ins. Co.*, 39 Mich. 531, and other cases similar to and following it. The appellee, therefore, relies on the following cases. *Yost* v. *Ins. Co.*, *supra; Ins. Co.* v. *Stoy*, 41 Mich. 358; *Mathews* v. *Ins. Co.*, 49 Ohio St. 131; *Penn. Co.* v. *Geraldine*, 31 Mo. 31.

Argued orally by *R. H. Thompson*, for appellant.

McGOWEN, J., delivered the opinion of the court.

This suit originated in the court of a justice of the peace, and was based upon a note for one hundred sixteen dollars and sixty-four cents, payable in four installments for twenty-nine dollars and sixteen cents each, due, respectively, November 1, 1924, 1925, 1926, and 1927. The note was given in payment of premiums on two policies of insurance, which provide, if any single

payment given for the whole or any part of the premiums shall not be paid promptly when due, the whole amount of installments or notes remaining unpaid on said policies may be declared earned, due, and payable, and may be collected by law. The insured, the defendant in the court below, made the first cash payment at or about the time the policy was delivered, and only one installment of the note was past due. The justice of the peace rendered judgment in favor of the defendant, and on appeal to the circuit court the case was tried *de novo,* resulting in a verdict of the jury and judgment in appellant's favor for one dollar and five cents, earned premium on the policy, and five dollars attorney's fees; the jury having found in accordance with the instruction of the court below. The insurance company, the plaintiff in the court below, appeals here.

This was fire insurance upon the dwelling house and other property of the defendant running for a term of five years, and also insurance against loss by windstorms, etc. The policy was for a certain indivisible time, subject to suspension only during the time of nonpayment of premiums, as agreed in the note and contract.

The following stipulations of the policy are set out:

"This policy is made and accepted subject to the stipulations and conditions printed on back hereof, which are hereby specially referred to and made a part of this policy, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto, etc.

"Two of the conditions printed on the back of said policy are respectively in these words:

" '(1)   But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any installment of the installment note, given for premium on this policy remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash other-

wise), given for the whole or any portion of the premium, remains due and unpaid.

" ' (2) This company may collect, by suit or otherwise, any past-due notes or installments thereof and a receipt from the said Chicago office of the company for the payment of past due notes or installments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy.' "

The policy insuring against loss by windstorm is practically in the same language, and the provisions are in legal effect the same. There was no loss under either policy.

The circuit court seems to have held that the notes were void and without consideration because of the condition that they owed the notes from default in payment thereof, and the insurance protection was likewise suspended during the time of said default, to which view we cannot subscribe. We know of no reason why people cannot contract for the suspension of a contract and renewal or reinstatement of the provisions of the contract upon the payment of the arrearage; nor can we see that there is any merit in the contention that, because the insurance is for a term of years, each year named in the contract in a separable and divisible part of the contract independent of the others. Such is not the fair construction of the language of this contract. Neither do we think there is any merit in the contention that, since the company was not liable on its contract of insurance during its suspension, the insured was not liable on his note.

Counsel for appellee frankly admits that the weight of authority in the United States is against his contention that the note is void upon a suspension of the insurance upon his property, and that, therefore, there would be no longer consideration for the note nor liability thereon, and cites the case of *Yost* v. *Insurance Co.*, 39 Mich. 531, and *Insurance Co.* v. *Stoy*, 1 N. W.

877, 41 Mich. 385, a case from Ohio, and one from Missouri, all of which are based upon the reasoning of the court in *Yost* v. *Insurance Co.,* and in that case the insured was held not liable because there was a stipulation in the contract of insurance that the policy upon default in payment was thenceforth to be null and void. There appears to be no such provision in the contract of insurance here under review.

Further, it appears, in the Yost case that each installment of the note was given for insurance during a given and distinct year. As sustaining our view that, where the policy and note provide that, if the note was not paid when due, the policy should be suspended until payment is made, the insurance reinstated upon payment as provided in the note, and that the insured and maker of the note is liable under the contract for the note past due and all future installments, and suit may be maintained for all the installments due and not due, we cite *Robinson* v. *Insurance Co.,* 11 S. W. 686, 51 Ark. 441, 4 L. R. A. 251; *Williams* v. *Albany Insurance Co.,* 19 Mich. 451, 2 Am. Rep. 95; *American Insurance Co.* v. *Henley,* 60 Ind. 515; *Minn. Farmers' Mutual Ass'n* v. *Olsen,* 44 N. W. 672, 43 Minn. 21; *St. Paul Fire & Marine Ins. Co.* v. *Coleman,* 43 N. W. 693, 6 Dak. 458, 6 L. R. A. 87; and *McCullough et al.* v. *Home Insurance Co.,* 100 S. W. 104, 118 Tenn. 263, 12 Ann. Cas. 626.

The judgment of the court below will be reversed, and judgment will be entered here for the amount sued for as due on the installment note, with interest at the rate of six per cent. per annum, and proof in the court below showing that a fee of twenty-five dollars would be reasonable. Said amount is allowed as a fee for the total collection, as provided in the note.

*Reversed, and judgment here for appellant.*