Hartford Fire Ins. Co. *v.* Dickerson.

(Division A. May 4, 1931.)

[134 So. 177. No. 29432.]

Marvin Crawford, of Ashland, and R. L. McLaurin, of Vicksburg, for appellant.

**T. M. McKenzie**, of Ashland, for appellee.

**Cook, J.**, delivered the opinion of the court.

The appellant, Hartford Fire Insurance Company, issued to the appellee, W. A. Dickerson, a policy of insurance covering certain tenant houses, and protecting the

appellee from 'loss thereon by reason of fire, lightning, and storm for a period of five years. In payment of the premium on said policy, the appellee paid the sum of thirty-six dollars and twenty-four cents and executed a note for one hundred forty-four dollars and ninety-six cents •payable in four equal annual installments. This note provided that, if any single payment given for the whole or any portion of the premium for said policy shall not be paid when due, the company shall not be liable for loss during such default, and the said policy shall lapse until payment shall be made to the company at its office in Atlanta, Ga., and the whole amount of installments, or notes, remaining unpaid may be declared earned, due, and payable, and may be collected by law. The appellee defaulted in the payment of the first installment of the said note, and thereupon the appellant instituted this suit in the court of a justice of the peace for the full amount of said note, and recovered a judgment therefor, from which there was an appeal to the circuit court. On the trial of the cause in the circuit court, there was a judgment entered in favor of the appellee, Dickerson, and from this judgment this appeal was prosecuted.

Among the stipulations on the policy which are specifically made a part of the contract are the following: "It is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned while any instalment of the instalment note, given for premium upon this policy, remains past due and unpaid; or while any single payment, promissory note (acknowledged as cash or otherwise) given for the whole or any portion of the premium remains past due and unpaid. Payments of notes and instalments thereof must be made to the said Hartford Fire Insurance Company at its Southern Farm Department Office in Atlanta, Georgia, to a person or persons specifically authorized to collect the same for said company. . . . The company may collect, by suit or

otherwise, any past due note or instalment thereof and a receipt from the said Atlanta office of the company for the payment of past due notes or instalments must be received by the assured before there can be a revival of the policy, such revival to begin from the time of said payment, and in no case to carry the insurance beyond the end of the original term of this policy."

Upon the trial of the cause the appellant, by its agent who wrote the insurance and took the note, identified and introduced in evidence the note and policy of insurance, and rested. The appellee offered no evidence, and on appeal, in support of the judgment in his favor, contends, first, that the appellant was not entitled to recover for the reason that it offered no evidence that the note had not been paid. By the introduction of the note and policy contract, the appellant made out a prima facie case entitling it to a judgment in the absence of evidence or payment or other defense.

Upon all other points this case is controlled by the case of Home Insurance Co. v. McFarland, 142 Miss. 558, 107 So. 754, in which the court had under consideration provisions of a policy identical with those found in the policy here involved and quoted above, and held that provisions of a policy for suspension on default of any installment in the premium note, and renewal or reinstatement on the payment of the arrearage, are valid.

The provisions of a mortgage clause attached to the policy, in substantially the statutory form, to the effect that this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy, and in case the mortgagor or owner

shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the same, provided also that the mortgagee shall notify this company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee, and the mortgagee shall, on demand, pay the premium for such increased hazard for the term and use thereof, otherwise this policy shall be null and void, do not supersede or invalidate the express provisions of the contract between the original parties that payment of any past-due installment of the note may be enforced, and that the policy shall thereby be renewed or reinstated from the time of such payment.

The note sued on contains a provision for the payment of "expenses of collection and attorney fees," but there was no evidence whatever offered touching the question of attorney's fees, and consequently none can be allowed in this court. The judgment of the court below will therefore be reversed, and judgment will be entered here for the full amount of the principal of the note with six per cent interest from the date of filing of the suit.

Reversed, and judgment here for appellant.